STEPHENS *v.* STEPHENS.

Opinion delivered April 28, 1913.

1. DEEDS—PRESUMPTION OF DELIVERY AND ACCEPTANCE.—The acknowledgment and registration of a deed by the grantor, raises a presumption of its delivery to and acceptance by the grantee, and evidence to rebut that presumption must be clear and satisfying. (Page 57.)

2. HOMESTEAD—CONVEYANCE TO CHILDREN—VALIDITY.—A conveyance by A of his homestead to his wife and children is not valid as a conveyance to the children, unless the wife joins in the deed. (Page 58.)

3. PLEADING—AMENDMENT TO CONFORM TO PROOF.—While in a proper case the pleadings will be treated as amended to conform to the evidence, the pleading will not be treated as amended unless the evidence is sufficient to properly present the issues necessitating the amendment. (Page 59.)

4. HOMESTEAD—LANDS CONSTITUTING.—Under Kirby's Digest, § 3899, which provides that the homestead owned and occupied as a residence shall consist of not exceeding 160 acres, nor exceeding in value $2,500, the lands claimed as a homestead must be contiguous. (Page 58.)

5. EVIDENCE—JUDICIAL NOTICE—PUBLIC LAND SURVEYS.—Courts take judicial knowledge of public land surveys, and know that certain land in section 26 is not contiguous to certain land in sections 22 and 23 in the same township. (Page 59.)

6. PLEADING—COMPLAINT NOT AMENDED WHEN.—While a complaint may be treated as amended to conform to the proof, where A. seeks to set aside a deed executed by him to his wife and children, but makes no allegation in his complaint that the land conveyed was his homestead, the complaint will not be treated as amended to conform to the proof offered by A., the grantor, that the land was his homestead. (Page 59.)

Appeal from Clay Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*W. E. Beloate*, for appellant.

1. The doctrine of estoppel by deed is conclusive here. A person can not deny his own deed whether it had been actually delivered or not; but in this case, the deed having been recorded makes out a *prima facie* case of delivery. 25 Ark. 225; 8 Ark. 345; 10 Ark. 89; 30 Ark. 230; 50 Ark. 212. The presumption of delivery arising from the registration of a deed can be overcome only by clear and decisive proof, and the mere fact that the grantor retained the deed in his possession is not sufficient to overcome such presumption. 97 Ark. 283.

The deed from appellee to appellant is evidence of a gift from father to child, and there was no necessity of actual delivery. 11 Ark. 249.

2. The deposition of appellee was not competent testimony, because he could not deny his own deed; there was no proper notice given nor proper service of notice upon appellant, and because the deposition was not properly taken as is shown by the officer's certificate. 82 Ark. 198; Kirby's Dig., § 3185. Judgment can not

properly be rendered against an infant until after a *bona fide* defense by a guardian. Kirby's Dig., § 6023; 42 Ark. 222; 80 Ark. 519, and cases cited.

*G. B. Oliver, amicus curiae.*

1. The presumption of delivery arising from the registration of a deed may be overcome by proof. 97 Ark. 283.

The effect of recording a deed by a grantor depends wholly upon his intention in placing on record. 94 N. W. 1045; 62 S. W. 336; 57 S. W. 570.

2. The question of estoppel to deny the deed is beside the point. The execution of the deed is not denied, but the contention is that it was not delivered nor intended to be delivered.

3. Objections now made to the depositions can not be maintained because they were not made by the guardian *ad litem* in the court below. Kirby's Dig., § 3191.

4. The land was Stephens's homestead, and his wife did not join in the execution of the deed. Kirby's Dig., § 3901; 71 Ark. 283.

SMITH, J. This suit was commenced by appellee August 26, 1903, to cancel a deed executed by him to his wife and their infant children, the appellant being the oldest child. The deed sought to be cancelled was executed on the 21st day of July, 1898, and by it appellee conveyed to his wife, Jennie Stephens, and the appellant, Maggie Stephens and James R. and Grace Stephens, his children, the following described lands, lying in the Western District of Clay County, towit:

Northwest quarter, southeast quarter, section 22; northwest quarter, southwest quarter, section 23; northeast quarter, southeast quarter, section 22; northeast quarter, northwest quarter, section 26, all in township 21 north; range 3 east.

The complaint alleged that appellee had said deed recorded in the recorder's office of Clay County for the Western District, but retained possession of the deed, and has since retained possession of same, never having delivered it to any one of the defendants, or to any other

person for them; and that he has possession of said land at the present time and that said deed was executed for no other consideration than love and affection; that said deed is a cloud upon the title and appellee prayed that it be cancelled and set aside.

A regular practicing attorney of that court was appointed by the court as guardian *ad litem* and he filed an answer which contained a general denial of all the allegations of the complaint. The cause was heard upon the deposition of appellee which was all the evidence heard in the case; and he testified that he had inherited the land from his father and that he determined to remove to Oregon, and in explaining the purpose of the deed, said: ''Before I started to Oregon, I thought if something might happen to me while there, if I should die, the land might be sold and my children beat out of it some way, that was the reason I made the deed to my wife and children so that if I should happen to die out there.'' He testified further that he never told his wife and children anything about the deed but he took it to the clerk's office and acknowledged it and had it recorded, and after it was recorded, he put it among his other papers. He testified further that he did not remember whether his wife or children had ever seen the deed and that he had had possession of the land since its date. He also testified that his wife had executed a mortgage on the land in which he had joined because the debt which it secured was his own debt. Appellee also testified that the lands were his homestead.

The court found that said deed had never been delivered to defendants nor to any one for them and decreed that it be cancelled and set aside. Appellant is the oldest child, and has just come of age and prosecutes this appeal from that decree.

Appellant insists that the court erred in admitting in evidence the deposition of appellee for the reason that no proper notice of its taking was given, and while that objection appears to be well taken, we are also of opinion that the deposition does not support the chan-

cellor's finding, and we will reverse the case on that account. The question of the sufficiency of the delivery of a deed was considered in the recent case of *Graham* v. *Suddeth,* 97 Ark. 283, where Justice FRAUENTHAL, for the court, said:

"A deed is defined to be a 'written instrument signed, sealed and delivered;" and it is essential to the validity of a deed that there should be a delivery of the instrument. But in order to constitute a sufficient delivery thereof, it is not necessary that there should be an actual manual transfer thereof to the grantee or a formal acceptance thereof by him. The question of a delivery of a deed is largely one of intent; and if it clearly appears from the words or acts of the grantor that it was his intention to treat the instrument as his deed and to make a disposal thereof, indicating that it should be effective, then the delivery is sufficient. As is said in the case of *Russell* v. *May,* 77 Ark. 89: 'Any disposal of a deed accompanied by act, words or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery.'

"The registration of a deed raises a presumption of the delivery to and acceptance by the grantee thereof. It is evidence of a most cogent character tending to show delivery. It is a solemn proclamation to the world that there has been a transfer of the title to the property from the grantor to the grantee, of which our law makes every one take notice. 1 Devlin on Deeds, par. 392; 13 Cyc. 567; *Hedge* v. *Drew,* 12 Pick. 141; *Robbins* v. *Rascoe,* 120 N. C. 79; *Snider* v. *Lackanour,* 38 Am. Dec. 685."

We think there was a delivery here within the rule announced. Here Stephens acknowledged the deed and filed it for record and when he had done so, put it with his other valuable papers. His statement is that he did this in order that his wife and children should have no trouble about the title if anything happened to him. Appellee may have had the secret intention that the deed should not be treated as delivered and that the title should not pass, but the presumption is to the contrary, ·

and the evidence to rebut that presumption should be clear and satisfying. Titles to land can not be permitted to rest upon the secret intention of grantors, who do so solemn a thing as to execute and acknowledge a deed and voluntarily place it of record unless it be clearly established that there was no intention of delivery for the purpose of passing the title.

A brief has been filed by an *amicus curiae* and it is insisted by him that the deed should be held to be void because it is a conveyance of a homestead in which the wife did not join. If this conveyance had been to the wife alone, she, of course, could not have joined in its execution, and be both grantor and grantee, in the conveyance to her, but the conveyance was to her and her three children and a conveyance to these children of the homestead would not be valid unless the wife joined the husband in the execution of the deed. *Pipkin* v. *Williams*, 56 Ark. 42. But that question is not presented by this record. The court made no finding as to whether the land was a homestead or not but granted the relief upon the ground asked for in the complaint, that is that the deed had never been delivered. It is true that appellee stated in his deposition that the property conveyed constituted his homestead, but he had not attacked the conveyance on that account and there was no allegation to that effect in his complaint. It is also true that in a proper case the pleadings will be held to be amended to conform to the evidence, but the pleading will not be treated as amended unless the evidence is sufficient to properly present the issue necessitating the amendment. The Constitution and laws of this State defines the homestead rights of the head of a family:

Section 3899, Kirby's Digest, is as follows: "The homestead, outside any city, town or village owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner. Provided, the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be

reduced to less than eighty acres, without regard to value.''

Here the proof does not show that the land conveyed does not exceed $2,500 in value, but it does affirmatively show that the lands are not contiguous. It does not appear from the evidence on which part of this land appellee resided and as the courts take judicial knowledge of the public land surveys we do know that the land in section 26 is not contiguous to the land in sections 22 and 23, and therefore all of it can not be claimed as a homestead because the land claimed as such must be contiguous. The only evidence upon that subject is embraced in the following question and answer:

Q. Is this land your homestead?

A. Yes, sir.

He may have meant by this answer to have testified that the land was his homestead at the time of the conveyance, but that fact even is not clear. Under the state of the record the pleadings will not be treated as amended to conform to the proof. For three of these defendants were minors whose defense was being made by a guardian appointed for that purpose, and the rule is well established that there must first be a genuine defense made by the guardian and all material allegations denied, and the allegation as to the land being a homestead was not even made in the complaint. *Blanton* v. *Davis,* 107 Ark. 1, 154 S. W. 947.

We are, therefore, of opinion that the evidence is insufficient to support the chancellor's finding and to overcome the presumption of law which arises when a grantor causes a deed to be recorded and the decree of the chancery court is accordingly reversed and the cause remanded with directions to the chancery court to vacate its decree, cancelling and annulling the deed in question.