## BURRUS v. BUTT.

### Opinion delivered May 3, 1915.

1. DOWER—DEATH OF WIDOW.—The right which a widow had to dower in the lands of her deceased husband abates at her death.

2. DOWER—LAND ASSIGNED—RENTS—JURISDICTION OF PROBATE COURT.— Lands were assigned to a widow as dower. *Held*, the probate court had not jurisdiction to entertain a suit in the name of the widow's administrator for the collection of rents due her on the lands up to the time of her death.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

#### STATEMENT BY THE COURT.

S. E. Martin filed her petition in the probate court of Mississippi County, alleging that James W. Martin, prior to 1894, was seized of an estate of inheritance in certain tracts of land in Mississippi County; that in the year 1894 and previous thereto he had executed deeds conveying said lands to the defendants; that plaintiff was the wife of James W. Martin at that time, and that she did not sign or acknowledge any of these deeds; that Martin died in January, 1912, and that the plaintiff was therefore entitled to dower in the lands which she described in her petition, and asked that dower be allotted to her in those tracts of land conveyed that were in cultivation, designat-

ing the same. The defendants denied the right of the plaintiff to have dower assigned out of the lands in cultivation, but alleged that she was only entitled to have a one-third interest in value in each of the separate tracts of the lands at the time the same was sold by her husband.

The probate court found that she was entitled to dower in the lands to be selected from each separate tract only, and appointed the commissioners to so set her dower apart. Mrs. Martin, the plaintiff, appealed to the circuit court. The circuit court also found that the plaintiff was entitled to have her dower assigned "of said land in value from each separate tract of said lands, but she is not entitled to have dower assigned to her from the whole of said lands and select the same from such tracts as she chooses to the exclusion of other tracts."

The court directed its commissioners to so allot her dower, and also directed them to ascertain and report the value of the improvements upon the land, and also to ascertain and report the value of the land and improvements combined, and also to report the annual rental value of the land. Mrs. Martin appealed to the Supreme Court, but before the expiration of the time allowed her in which to file her bill of exceptions, she died. Her death was suggested in the circuit court and the cause was revived in the name of J. J. Burrus, her administrator. At a succeeding day of the term, the administrator moved for a judgment for rents of the lands, which motion the court overruled and entered an order abating and dismissing the cause at plaintiffs' costs, without prejudice, and the appellant was granted an appeal.

*J. T. Coston,* for appellant.

*J. W. Rhodes, Jr., W. J. Lamb* and *C. A. Cunningham,* for appellees.

WOOD, J., (after stating the facts). At the time of the death of Mrs. Martin, the circuit court had not entered any final order making the allotment of her dower. The court had appointed the commissioners to allot the dower and had designated the manner in which the same should be set apart to Mrs. Martin, and had directed them to as-

certain the value of the improvements upon the land, and
the value of the land and improvements combined, and the
annual rental value of the land, and to report to the next
term of the court. Before the appeal was perfected from
this order, Mrs. Martin died, the cause was revived in the
name of her administrator, and he moved the circuit court
for judgment for rents.

The circuit court had jurisdiction of the proceedings
on appeal from the probate court. It had only such juris-
diction as the probate court had. See *Hilliard* Ex parte,
and *Hilliard* v. *Hilliard,* 50 Ark. 34.

The right of Mrs. Martin to have dower assigned
abated at her death. The suit for rents and profits of the
lands, which had been designated and set apart by the or-
der of the court as her dower, could not be instituted in
the probate court, and the ruling of the court was correct
in abating and dismissing the action after the death of
Mrs. Martin. Whatever rights appellant, as the adminis-
trator of Mrs. Martin, may have had to the rents and
profits, if any, would have to be asserted by original ac-
tion in another forum.

The judgment is therefore affirmed.