BURRUS v. BUTT.

Opinion delivered January 8, 1917.

DOWER—DEATH OF WIDOW BEFORE ASSIGNMENT—RIGHT OF HER ADMINISTRATOR TO RENT.—The administrator of a deceased widow can not recover rents on her unassigned dower interest in real estate, unless she had prosecuted her claim therefor in her lifetime.

Appeal from Mississippi Circuit Court, Chickasawba District; W. J. Driver, Judge; affirmed.

*J. T. Coston*, for appellant.

The ·demurrer was improperly sustained. The cause did not abate and the widow was entitled to rent. The cause of action was properly revived in the name of the administrator. 176 S. W. 309; Kirby's Digest, §§ 77, 4602.

*Churchill M. Buck*, for appellee.

The demurrer was properly sustained. The suit abated on the death of the widow. Dower had never been assigned to the widow. No statute can be found allowing such a suit. It was not decided in 176 S. W. 309 that the administrator could recover in another forum, nor did the court undertake to pass on that question. Kirby's Digest, §§ 77, 139; 8 Ark. 41; 2 Scribner on Dower (2 Ed.) § 50; 21 L. R. A. 188; 21 *Id*. 188; 1 Cyc. 65; 14 *Id*. 968, notes 2, 3, 4 and page 1009, note L, 34 N. E. 209.

HUMPHREYS, J. James W. Martin died on the 10th day of January, 1912, leaving his widow, Mrs. S. E. Martin. In April, 1914, she commenced a suit in the probate court of the Chickasawba District of Mississippi county against the appellees herein for an assignment of dower. The cause was tried in the probate court and appealed to the circuit court, where she obtained an interlocutory decree for her dower interest in the N. W. quarter of section 5, south half, S. E. quarter section 21, S. W. quarter section 22, N. W. quarter section 27, and the north half section 28, all in township 15 north, range 12 east. Commissioners were appointed to assign the dower, but before the dower was assigned the widow died intestate, and the cause was revived in the name of J. J. Burrus, administrator. The administrator then moved for rents, which motion was overruled. He excepted and prayed an appeal to the Supreme Court. That case was styled *Burrus* v. *Butt et al*, and is reported in 118 Ark. 335, 176 S. W. 308. Mrs. Martin did not ask for rent in that case. Rents and mesne profits were not issues

therein until after her death, and then made so on the motion of her administrator. It was not held in the case of *Burrus* v. *Butt, supra,* that the administrator could maintain an independent action in any other forum for rents. The court remarked in rendering the opinion that if the administrator had any right to recover any rents and profits, he must assert it in an original action in another forum. The administrator then brought this suit for rents and profits against appellees in the Chickasawba District of Mississippi county for one-third of the rents and profits for the years 1912 and 1913 on said real estate. A demurrer was sustained to the complaint, the bill dismissed and the cause is here on appeal.

The question is now directly presented to us, whether the administrator of a deceased widow can recover rents on her unassigned dower interest in real estate unless she had prosecuted her claim therefor in her lifetime. Appellant cites section 77, Kirby's Digest, in support of his contention that the cause of action for rents and profits survives to the administrator of the widow. Said section reads as follows: "Until the widow's dower be apportioned, the court shall order such sums to be paid to her out of the rent of the real estate as shall be in proportion to her interest therein."

In the second edition of Scribner on Dower, it is laid down as a general rule that if a widow die before the damages for the detention of the dower interest in the land is ascertained, the right to rent is entirely lost and that no action can be maintained by the executor for the rents and profits. Second Edition, Scribner on Dower, Vol. 2, section 50.

The statute in question is personal to the widow. It is a mere privilege. It is not that character of action which survives to the widow's representative.

Appellant has also called our attention to section 4692, Kirby's Digest, in the chapter on "Landlord and Tenant." The section reads as follows: "The executor or administrator of any person to whom any rents shall

have been due and unpaid at the time of the death of such person, may have the same remedy by action against the tenant, his executor or administrator, for the recovery thereof that the testator or intestate might have had." This section could only apply to such actions as survive to the administrator. If the widow had applied for rents in the original action under section 77, Kirby's Digest, she could have recovered rents prior to the assignment of dower, and until dower was assigned. Not having applied, no action survives to her administrator. The demurrer to the complaint was properly sustained and there being no error in the record, the decree dismissing the bill is affirmed.