MILLER LINK LUMBER CO. v. THOMPSON et al. (No. 413.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 15, 1919.)

1. APPEAL AND ERROR ⊚⟹1008(1) — FINDING OF FACT—LOCATION OF LAND.

In trespass to try title, in which defendants disclaimed as to all of section sued for, except a specific 160 acres claimed under 10-year statute of limitation, held that court's finding with reference to true location thereof will not be disturbed.

2. APPEAL AND ERROR ⊚⟹1099(8)—DECISION OF FORMER APPEAL—LAW OF THE CASE.

The Court of Civil Appeals having previously determined that the true location of the section involved was a question of fact, it will not review a finding of the trial court with reference thereto on this appeal.

3. APPEAL AND ERROR ⊚⟹1010(1)—FINDINGS —REVIEW.

Where the great preponderance of testimony sustains the findings of the trial court under assignment that "court erred in rendering judgment for defendants for the 160 acres of land, claimed by them under their limitation plea, because the evidence shows their occupancy thereof to have been under full recognition of the title of another," assignment will be overruled.

Appeal from District Court, Jasper County; W. R. Blackshear, Judge.

Action by the Miller Link Lumber Company against James H. Thompson and others.

From the judgment rendered, plaintiff appeals. Affirmed.

Holland & Holland, of Orange, for appellant.

Smith & Lanier, of Jasper, for appellees.

WALKER, J. This is the second appeal in this case; the former appeal being reported in 194 S. W. 223. We make reference to the former appeal for a full statement of this case. As the facts are practically the same on this appeal, we will make no further statement.

Appellant's first assignment of error is as follows:

"The court erred in rendering judgment for defendants for the 160 acres of land claimed by them, because the evidence fails to show any occupancy by defendants of the land sued for as located by the patent and corrected field notes."

On the former appeal, Judge Brooke reviewed this testimony carefully, under a similar assignment, and says:

"A careful consideration of the testimony, while not conclusive, seems to favor this contention. However, the verdict of the jury will not be disturbed on this finding, and therefore the above assignments are overruled."

Guy Blake, a former county surveyor of Jasper county, testified:

"J. H. Thompson's improvements were on section 60, as I located the south line of 60."

Mr. A. A. Miller, who is admitted by both parties to be a competent surveyor, testified:

"After having made this survey, in my opinion the 160-acre tract, as claimed by Mrs. Thompson, is located on section 60, like it is now located. It is on 60, like its present location is. From my survey I have determined that it was on section 60. Like its present location is, it is on section 60."

Appellant, in its brief, concedes that the true location of section 60 may be uncertain. He says:

"From the record in this case it will be shown that appellant is unjustly deprived of something like 100 acres of land owned by it upon proof that will not authorize or support a judgment, and while the true location of section 60 may be uncertain, still, before appellees could fix a limitation claim to any portion of it, the burden of locating it with certainty and establishing their possession on the portion with certainty, rests on them."

[1, 2] A careful examination of this record convinces us that the true location of section 60 was a matter to be determined by the court or jury, and, as this case was tried before the court without a jury, we will not disturb his findings. We will further say that, this court having previously determined that the true location of section 60 is a

question of fact to go before the jury, we would not be disposed to review that finding on this appeal. Freeman v. Huffman, 156 S. W. 367; Chicago, R. & G. Ry. Co. v. Sears, 155 S. W. 1003; Pease v. State, 155 S. W. 657; Moore v. Chamberlain, 152 S. W. 195; Campbell v. Elliott, 151 S. W. 1180; Baldwin v. Davidson, 143 S. W. 716. Hence appellant's assignment No. 1 is overruled.

[3] Appellant's second assignment is as follows:

"The court erred in rendering judgment for defendants for the 160 acres of land claimed by them under their limitation plea, because the evidence shows their occupancy thereof to have been under full recognition of the title of another, not adverse, and not under a claim of ownership or right."

In the beginning of this trial in the lower court, the following agreement was made by the parties:

"It is admitted that the defendants, Mr. and Mrs. Thompson, moved on the place now occupied by her during the Christmas holidays of 1902, and that their purpose in going there was to make it their home; that she has lived there continuously and claimed the place since that time; that the land was cultivated and occupied from the year 1902 until her husband died in 1915, when this suit was filed."

This suit was not filed until more than 10 years after 1902; but, apart from this agreement, we have carefully examined all the testimony as to occupancy and claim, and find that the great preponderance of the testimony sustains the findings of the trial court under this assignment. For this reason the second assignment of error is overruled.

Finding no errors in this record, this case is affirmed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes