## PHILLIPS *v*. PHILLIPS.

### Opinion delivered January 19, 1920.

1. DEEDS—EVIDENCE OF DELIVERY.—In a suit by a husband to cancel a deed of his homestead to his wife as not having been delivered and accepted and as having no consideration, a finding in favor of the wife will be sustained on appeal where it conveyed a beneficial interest to her and was recorded by him and it does not appear that it was wholly without consideration.

2. HUSBAND AND WIFE—CONVEYANCE TO WIFE.—A deed from a husband to wife conveys the beneficial interest to her.

3. HUSBAND AND WIFE—WHEN WIFE'S TITLE QUIETED.—Where a husband conveyed land to his wife and placed the deed on record, and thereafter claimed the property as owner, it was proper for the court to grant to the wife affirmative relief and quiet the title.

Appeal from Columbia Chancery Court; *James M. Barker;* Chancellor; affirmed.

*McKay & Smith,* for appellant.

1. There was no delivery of the deed. This is shown by the uncontradicted evidence. The recording is only *prima facie* evidence of delivery and this is overcome here by the evidence. 98 Ark. 466; 18 C. J. 207; 18 U. S. (L. Ed.), 262; 132 Ark. 438.

2. The court erred in quieting the title as against appellant. The legal title was in appellant and not in appellee. 98 Ark. 30; 60 *Id.* 70; 86 *Id.* 150; 196 S. W. 476.

3. The deed was void for want of consideration. 14 Wall. 570; 196 S. W. 476.

4. A conveyance of a homestead could not be fraudulent as to creditors as they had no lien. 33 Ark. 762.

*A. S. Kilgore* and *Joe Joiner,* for appellee.

1. There was sufficient delivery of the deed. 77 Ark. 89. The case in 98 Ark. 466 is not in point, as the facts are entirely different.

2. The court properly quieted the title, as appellee asked affirmative relief and appellant did not object. He held the legal title as trustee for his wife, and a trust

may be revoked. Ann. Cases B 1918, p. 1043; 32 Cyc. 1308.

3   There was sufficient consideration to support the deed. 196 S. W. 476. The chancellor so found, and his findings are not against the evidence.

SMITH, J. This suit was brought by appellant against appellee, who is his wife, to cancel a certain deed executed by him to her. It was alleged—and appellant testified—that he could neither read nor write; that he executed the instrument for the purpose of conveying to his wife certain personal property, without knowledge of the fact that the instrument was a deed and conveyed land, and that the instrument was without consideration, and had never in fact been delivered.

Appellant also testified that the instrument was executed to defeat the collection of an unjust demand which was being asserted against him by one Crumpler for $70, but which demand does not appear to have been reduced to judgment.

The deed recited a consideration of a dollar, and was executed and acknowledged on November 5, 1906, but was not filed for record until October 7, 1907. After its execution, and before it was recorded, the deed was kept in a trunk to which Mrs. Phillips had access. Phillips took the deed to the clerk and filed it for record with instructions—which were complied with—to hold the deed subject to his order when it had been recorded, and that the deed had never been out of his possession, or that of his attorney.

The land conveyed constituted Phillips' homestead, and he stated that he knew it was exempt from the claims of any creditor and that he would not have conveyed the land to place it beyond the reach of his creditor, because he knew it was unnecessary to do so. Appellant further testified that no change of any kind took place in the possession of the land; that he continued to cultivate and manage it and to pay the taxes thereon in his own name, until he went to Texas.

Phillips deserted his wife and went to Texas, where he remained for about five months and a half, leaving his wife in the possession of the farm. During his absence his wife brought suit for divorce, which was dismissed when he returned and filed an answer. Thereafter Phillips brought this suit.

Mrs. Phillips admitted that she had stated to one Cheatham, after the separation had occurred, that she was willing for her husband to deed her and each of their children a forty-acre tract and for him to keep a forty for himself; but she explained that she had never admitted that she did not have a deed and title to all the land, and that she made this proposition as a matter of fairness, and by way of compromise, and that the plan proposed expressed her idea of how that purpose could be effectuated, and that she expected to sign the deed to the children. Mrs. Phillips also testified that on the morning the deed was executed Phillips brought it in and held it up and said: "I don't own a thing this morning, everything is yours. This is no good until I have it recorded, but as soon as that is done it will hold. You will have to pay a dollar," and that she paid the dollar. That the deed was afterwards recorded and that she thereafter regarded the land as her own. A grown son, who lived with his mother, testified that his father could read print and that he heard the conversation in which his father told his mother that the land was hers and that he no longer had an interest in it, and that he remembered when his father brought the deed to town to have it recorded.

The notary who prepared the deed and took the acknowledgment was a son of the man who sold the land to Phillips and resided on the same section of land. He testified that he had no independent recollection of preparing the deed, or taking the acknowledgment, except that it was in his handwriting and had been acknowledged before him. This witness testified that if he wrote the description of the land in the deed—as he appears to have done—he did so upon the information

and at the request of Phillips. This witness appears to be entirely disinterested, and there is no intimation that he had connived to practice any fraud upon Phillips.

It was adjudged and decreed in the court below that the complaint be dismissed for want of equity, and that the title of Mrs. Phillips be quieted and confirmed as against her husband; and upon this appeal it is now insisted that the court erred in refusing to set the deed aside, and also in granting the affirmative relief of quieting Mrs. Phillips' title.

We think the chancellor's finding is not clearly against the preponderance of the evidence. The presumption of acceptance, arising out of the beneficial interest there conveyed, is reinforced by the affirmative testimony of Mrs. Phillips and her son; and a delivery of the deed is shown by the fact that it was recorded pursuant to his statement to his wife that he would have this done, after having kept it in his possession for about a year. *Stephens* v. *Stephens,* 108 Ark. 53. And it does not appear that the deed was wholly without consideration.

We think no prejudicial error was committed by the court in quieting the title of Mrs. Phillips against her husband. It is true that this court has several times held that a conveyance from a husband to wife carries simply the equitable title to the land, he retaining the legal title as her trustee; but the trust is wholly passive. However, such deed does convey the beneficial interest, and the ownership of this interest formed the subject-matter of this litigation. Phillips was not attempting to assert title as trustee, but as owner. His asserted interest was inconsistent with his trusteeship, and it was not improper, therefore, to grant affirmative relief against that claim by quieting the title in Mrs. Phillips.

Decree affirmed.