MILLS *v.* ALEXANDER.

4-7228                                          177 S. W. 2d 406

Opinion delivered February 7, 1944.

John Baxter and J. T. Cheairs, for appellant.

John F. Gibson, for appellee.

Robins, J. This suit was instituted by appellant, Emma Mills, second wife and widow of Will Mills, deceased, to enjoin appellee, Hattie Alexander, daughter of Will Mills, from interfering with the possession of appellant as to an eighty-acre tract owned by Will Mills in his lifetime, and to recover rents from appellee for the wrongful use of said land during the years 1941 and 1942. Appellant based her right of occupancy on the ground that this land was the homestead of her husband. Appellee denied that the land was the homestead of Mills at the time of his death and claimed title thereto as heir of Mills, and also as grantee in a deed executed by him in his lifetime. The title to the tract here involved had passed by *mesne* conveyances to Will Mills and Elizabeth Mills, husband and wife, and on November 28, 1921, Will Mills signed a deed, containing a recital that it should become effective at his death, conveying this land to Elizabeth Mills, his wife, to Hattie Alexander, his daughter, and to Willie Alexander, daughter of appellee. This deed was not acknowledged until September 9, 1925, and on the same day Mills had the deed recorded. He then turned it over to a friend with instructions to deliver it on his death to appellee, which was done. The lower court found the issues in favor of appellee, and from its decree dismissing her complaint for want of equity appellant prosecutes this appeal.

Appellant died on November 4, 1943, during the pendency of this appeal. Appellee has filed a motion to affirm the decree of the lower court on the ground that any interest appellant had in the land was only a life estate and was terminated by her death. To this counsel for appellant have responded that also involved in this appeal is the question of rents sought by appellant which, if found due, would inure to the benefit of appellant's estate.

For reversal of the lower court's decree denying appellant's claim of right to occupy the land as her homestead and denying her recovery of rents arising therefrom, appellant's counsel argue that the deed executed by Will Mills, purporting to convey the land to his then wife and to his daughter, appellee, and granddaughter was void, under the provisions of § 7181 of Pope's Digest of the laws of Arkansas, which require that the wife join in the execution and acknowledgment of any conveyance affecting the homestead, because Elizabeth Mills, wife of Will Mills, did not join in the execution or acknowledgment of same. The lower court held that, since the conveyance was to the wife as one of the grantees, the provisions of § 7181, *supra,* did not render the deed void, and based this conclusion on the opinion of this court in the case of *Stephens* v. *Stephens,* 108 Ark. 53, 156 S. W. 837.

In the view we take of the matter it has become unnecessary for us to pass on the validity of this deed as a conveyance of the land by Will Mills. Certainly, any interest of appellant in the land, by way of homestead right or dower, terminated on her death, so that this cause of action, as to the right to the possession of the land, abated when appellant died. *Burrus* v. *Butt,* 118 Ark. 335, 176 S. W. 308; 1 C. J. S., p. 205, § 149.

It appears from the record that on March 21, 1941, appellant and appellee signed an agreement by which it was provided, in settlement of the dispute that arose because of their respective claims to the possession of the land, that appellant should have the right to occupy the dwelling house and twelve acres in cultivation during

the remainder of her life and that appellee should have the right to occupy the remainder of the tract. This agreement also provided for a division of Will Mills' personal property. Appellant sought to avoid the effect of this agreement by claiming that her signature thereto was obtained by duress. The evidence showed that appellee had appellant's son arrested for trespassing on this land, and it appears that the agreement was prepared by the officer who made the arrest. There is nothing in the evidence to establish that this officer had any selfish or improper motive in bringing about this settlement or that anything actuated him except the praiseworthy desire of a peace officer to bring about an amicable settlement between these negroes and thereby save them the expense of litigation as well as prevent a personal difficulty such as frequently arises from a dispute of this kind. The record does not contain any proof of coercion, duress or illegal consideration such as would avoid this contract.

Furthermore, this was a family settlement, such as the courts have always looked upon with favor. "Family settlements are to be encouraged, and, when fairly made, strong reasons must exist calling for interference on the part of a court of equity." (Headnote) *Giers* v. *Hudson,* 102 Ark. 232, 143 S. W. 916. There was a consideration moving to each of the parties. Appellant claimed to be entitled to possession of all the land as her homestead. Appellee claimed to be entitled to the land by virtue of the deed executed by her father. In agreeing that the stepmother, during her life, should have use of the dwellinghouse and twelve acres to cultivate, and appellee to have possession of the remainder of the land, there was a surrender of part of what was claimed by each of the parties to the compromise; and this formed a valid consideration for the agreement.

While there is some testimony as to the crops produced in 1941 and 1942 by appellee's son, there is no definite proof that appellee or her son raised any crops during these years on that part of the land to which appellant was entitled under the compromise. Even if it should be held that the deed to appellee from Will Mills

was invalid, appellant's estate would not be entitled to recover anything by way of rents, unless the evidence disclosed that appellee cultivated some part of the farm to which she was not entitled under the compromise.

It follows from what has been said that this cause, in so far as it involves appellant's claim to right of possession of the land, must be abated, and, in so far as it affects recovery by appellant or her estate against appellee for rents, the decree of the lower court is affirmed; costs of both courts to be adjudged in favor of appellee.