Mary Nell BOWMAN et al *v.* W. D. PHILLIPS Jr., et al

76-101                                    542 S.W. 2d 740

Opinion delivered October 25, 1976
[Rehearing denied November 29, 1976.]

*Benny E. Swindell,* for appellants.

*Williams & Gardner,* for appellees.

GEORGE ROSE SMITH, Justice. The question here is

whether a life tenant, the appellee W. D. Phillips, Jr., who is entitled to the exclusive possession of the property, can maintain a partition suit against the vested remaindermen. We disagree with the chancellor's conclusion that the suit is maintainable and therefore reverse.

In 1944 W.D. Phillips, Sr., conveyed the 43.75 acres in question to his son, the principal appellee. The deed *(a)* reserved a life estate in the grantor, *(b)* granted a life estate to the son after the grantor's death, and *(c)* provided that upon the son's death the property would go to the grantor's heirs, except that the son's wife, the appellee Wanda Phillips, would also take an equal share. The elder Phillips died in 1951. The proof, which is limited to the situation at the time of the trial, shows that his heirs now comprise three surviving children and the descendants of five deceased children. This suit for partition was brought by W. D. Phillips, Jr., as the sole life tenant, by his wife Wanda as the owner of a one-ninth interest in the remainder, and by the couple's son, Paul Douglas Phillips, who was erroneously alleged to be the owner of another one-ninth interest in the remainder. Of course the remainder actually vested at the death of W.D. Phillips, Sr., so that W.D. Phillips, Jr., is the owner of the one-ninth remainder interest which the complaint attributes to his son. Restatement of Property, § 157, Comment j (1936); see also *Steele* v. *Robinson,* 221 Ark. 58, 251 S.W. 2d 1001 (1952).

The chancellor correctly found that W. D. Phillips, Jr., owns a life estate in the land and that the remainder interest is vested in equal one-ninth parts in Wanda and in the eight lines of descent, per stirpes. The decree ordered that the land be sold and that the proceeds be divided among the parties according to their interests, which would give W. D. Phillips, Jr., the present value of his life estate in addition to his one-ninth interest as a remainderman.

A life tenant's right to seek partition must be found in the statute, which allows a partition suit to be brought by "[a]ny persons having any interest in and desiring a division of land held in joint tenancy, in common, . . . or in coparceny, absolutely or subject to the life estate of another, or otherwise . . ." Ark. Stat. Ann. § 34-1801 (Supp. 1975). In *Monroe* v.

*Monroe,* 226 Ark. 805, 294 S.W. 2d 338 (1956), we held that the language of the statute allows the partition of property by *remaindermen,* subject to the life estate of another. We went on to say, perhaps as dictum but with supporting authority, that a single life tenant who is entitled to exclusive possession cannot maintain a partition suit against the remainderman, because the necessary element of a cotenancy is absent.

That case controls this one. In many situations there may be solid reasons of public policy for denying to the life tenant the right to a partition by public sale. He might, for example, be suffering from an illness reducing his life expectancy below that shown by the statutory tables. Or the land might be vacant or otherwise unimproved, so that a successful partition suit and sale would provide the life tenant with a cash return that he would not otherwise receive. For these reasons we think it is for the legislative branch to determine whether a life tenant should have the right to obtain a partition, as against the remainder interest. We cannot find in our present statute any indication that such a right has yet been conferred.

It seems to go without saying, and other courts have held, that a life tenant, when he is, as here, also a remainderman, can obtain a partition by giving up any claim to the value of his life estate. *Phelps* v. *Domville,* 303 S.W. 2d 601, 606 (Mo. 1957); *Brown* v. *Brown,* 67 W. Va. 251, 67 S.E. 596, 21 Ann. Cas. 263, 28 L.R.A. (n.s.) 125 (1910). That option is open to W. D. Phillips, Jr., and as we have seen, he and his wife may also seek a partition of the remainder, subject to the life estate. We therefore remand the case for further proceedings.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and JONES, JJ.