Nora GIBSON *v.* Merna W. GIBSON and Cecil L. GIBSON

78-115                                                    572 S.W. 2d 146

Opinion delivered October 23, 1978
(Division II)

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Moore & Gibson, P.A.,* by: *Michael L. Gibson,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant Nora Gibson, widow of Herman Gibson, elected to take against his will, by which he devised all his real property to his sons, Merna W. Gibson and Cecil L. Gibson, the appellees herein. She was assigned dower in certain lands by the Probate Court of Craighead County. She filed suit against the sons for partition of the land in the Chancery Court of Craighead County. Appellees filed a motion to dismiss, which was granted. This appeal was taken from the order of dismissal. We find reversible error.

We held in *Monroe* v. *Monroe,* 226 Ark. 805, 294 S.W. 2d 338, that one in exclusive possession of land as dower was not entitled to a decree of partition against the remainderman since they were not cotenants. Appellant contends that this holding was nullified by Act 324 of 1957, which amended Ark. Stat. Ann. § 34-1801 (Supp. 1977). The statute (with the language prior to the 1957 amendment in ordinary type and the amendatory language in italics) now reads:

> Petition — Persons *entitled to file* — Contents. — Any persons having any interest in and desiring a division of land held in joint tenancy, in common, *as assigned or unassigned dower, as assigned or unassigned curtesy,* or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the entirety where said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons, shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear.

It appears that we have sustained appellant's argument in *Smith* v. *Smith,* 235 Ark. 932, 362 S.W. 2d 719, which was

not cited by either party in this case. This case is indistinguishable from *Smith*. Even though we might feel that decision was wrong in retrospect, the construction of the statute in that case established a rule of property and we are not at liberty to overturn it. *Williams* v. *Jefferson Hospital Ass'n., Inc.*, 246 Ark. 1231, 442 S.W. 2d 243; *Bishop* v. *Williams*, 221 Ark. 617, 255 S.W. 2d 171; *Eubanks* v. *McDonald*, 225 Ark. 470, 283 S.W. 2d 166; *Pitcock* v. *State*, 91 Ark. 527, 121 S.W. 742, 134 Am. St. Rep. 88. The interpretation given the statute became a part of the statute itself and we should not now reinterpret it. *E. C. Barton & Co.* v. *Neal & Jones*, 263 Ark. 40, 562 S.W. 2d 294; *Merchants' Transfer & Warehouse Co.* v. *Gates*, 180 Ark. 96, 21 S.W. 2d 406.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.·

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.