Donald KING *v.* Merna W. GIBSON
and Cecil L. GIBSON

81-48                                           620 S.W. 2d 257

Supreme Court of Arkansas
Opinion delivered June 29, 1981
[Rehearing denied September 21, 1981.]

*Bradley & Coleman*, by: *Douglas Bradley*, for appellant.

*Davis, Bassett, Cox & Wright*, and *Oscar Fendler*, by: *Tilman P. Wright, III*, for appellees.

GEORGE ROSE SMITH, Justice. Nora Gibson was Herman Gibson's surviving widow at his death in 1976. She first went into the probate court and had her dower assigned as a life estate in a specified 195.07 acres out of the 585.21 acres her husband had owned. As the life tenant of the 195.07 acres she then filed this partition suit in the chancery court against the two remaindermen, her husband's sons by an earlier marriage. The chancellor held that Mrs. Gibson had no right to partition, but on the first appeal we sustained her position. *Gibson* v. *Gibson*, 264 Ark. 418, 572 S.W. 2d 146 (1978). The chancellor misconstrued our opinion and again refused to allow partition, but we reversed his decree and directed that the widow's right to partition be carried into effect. *Gibson* v. *Gibson*, 266 Ark. 622, 589 S.W. 2d 1 (1979).

Mrs. Gibson died on October 26, 1979, eighteen days after our opinion on the second appeal was delivered. In the following December the suit was revived in the trial court in the name of the appellant, Mrs. Gibson's personal representative and sole heir. Later on, however, the trial court dismissed the suit on the ground that the life tenant's interest in the land terminated with her death, and the action abated. This appeal is from that dismissal.

The trial court was right. A widow's dower right, being a life estate, terminates upon her death, so that a pending action for possession of the land then abates. *Mills* v. *Alexander*, 206 Ark. 754, 177 S.W. 2d 406 (1944); see also *Burrus* v. *Butt*, 118 Ark. 335, 176 S.W. 308 (1915). The same principle must apply to a suit for partition, which also looks to the future. When the life tenant dies, the remainderman becomes the owner in fee; there is no longer any shared estate to be partitioned.

The appellant argues, however, that when Mrs. Gibson filed suit for partition, there was an irrevocable election of remedies that somehow created a vested right to partition that passed on her death to her heir. We do not see that the doctrine of election of remedies is pertinent to this case. As life tenant Mrs. Gibson was entitled to possession of the 195.07 acres until it was actually divided or sold. The record on the second appeal indicates that she rented the land for

$12,000 in 1978 and for $13,000 in 1979. The pendency of the partition suit had no effect upon her rights as life tenant until the land was divided or sold, which never happened. If an opportunity had been presented for her to execute a highly favorable lease for 1980, we see no reason why she could not have dismissed her suit for partition and continued to rent the land. Thus the mere filing of a partition suit did not create any vested right in the life tenant. We do not find it necessary to discuss the appellant's other arguments for reversal.

Affirmed.