E. R. HENRY, Jr. and Sterling HENRY
*v.* Cecil KENNEDY et ux

80-217                                      619 S.W. 2d 632

Supreme Court of Arkansas
Opinion delivered July 13, 1981

*Gill & Johnson*, by: *Marion S. Gill*, for petitioners.

*Charles S. Gibson*, for respondents.

MARK W. GROBMYER, Special Justice. The issue before this Court concerns the Arkansas Court of Appeals' interpretation of Ark. Stat. Ann. § 34-1801 (Supp. 1979). The Honorable Donald A. Clark, Chancellor of the Desha Chancery Court, held that there exists in the State of Arkansas a right of remaindermen to bring partition against other remaindermen in land subject to a third party life estate. The Court of Appeals reversed the Chancery Court finding there to be an error as to a matter of law. The Court of Appeals found that the Chancery Court should have determined that there is no right of a remainderman to bring a partition action against other remandermen subject to a third party life estate, where the remaindermen had no present possessory interest in the property sought to be partitioned. We granted certiorari to review the legal basis of the Court of Appeals decision in reversing the Chancellor.

The facts of the case are undisputed. As the Court of Appeals stated, Testator J. C. Kennedy owned 560 acres of Desha County, Arkansas, and at his death he devised a life estate to his widow, Valerie, and the remainder, in equal shares, to his nephews Wilburn Kennedy and Cecil Kennedy.

Wilburn Kennedy conveyed his undivided one-half remainder interest to E. R. Henry, Jr. and Sterling L. Henry who were Appellees before the Court of Appeals. E. R. Henry, Jr. and Sterling L. Henry petitioned for partition as owners of one-half the remainder interest, against Cecil Kennedy, Appellant before the Court of Appeals, owner of the other one-half remainder interest. The Henrys ask for the property to be divided in kind, if susceptible, or, that the remainder interest of the parties to the litigation be sold and the proceeds divided.

The Chancery Court found the lands to be diverse and not susceptible to equitable division. The Chancery Court, therefore, ordered a sale of property subject to the life estate. Cecil Kennedy and his wife, Louise Kennedy, appealed to the Court of Appeals. (Louise Kennedy was made a party defendant in order that any right of possibility of dower, or any other interest, she might have in and to the subject property might be adjudicated.)

On appeal the Kennedys contended that the Chancery Court exceeded its jurisdictional power in decreeing partition sale of the remainder interest exclusive of the life estate. The Henrys contended that the Kennedys did not raise the question of jurisdiction of the Chancery Court to entertain a partition action by the remainderman subject to a life estate at or before the time of trial. Therefore, they contend the Kennedys were precluded from raising the question on appeal. We hold specifically that the Chancery Court was correct in stating its findings of fact and conclusions that, "while not specifically raised at trial, the defendants in their brief raised the question of the jurisdiction of this Court to entertain a partition action by remainderman in land subject to a life estate. Jurisdiction in a trial court may be raised at any time and in almost any manner." *Boyett* v. *Boyett*, 269 Ark. 36, 598 S.W. 2d 86 (1980); *Worth Insurance Co.* v. *Patching*, 241 Ark. 620, 410 S.W. 2d 125 (1966).

The Court of Appeals apparently agreed with the Chancery Court's disposition of this issue, but differed substantially with the trial court's interpretation of the law with respect to the right of a remainderman to bring a partition against other remaindermen in lands subject to a third party life estate. The Court of Appeals identified Ark. Stat. Ann. § 34-1801 (hereinafter sometimes referred to as "the Statute") as controlling this issue, but it is our opinion that the Court of Appeals erred in its interpretation of this Statute. Sec. 34-1801 provides:

Petition — Persons Entitled to File — Contents. — Any persons having *any interest in* and desiring a division of *land* held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned cur-

tesy, or in coparceny, absolutely or *subject to the life estate of another*, or otherwise, or under an estate by the entirety where said owners shall have been divorced except prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons, shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear. [Emphasis added.]

The Court of Appeals appeared to have some difficulty in attempting to determine how remaindermen could come within the purview of this Statute in a sufficient manner to be able to utilize the Statute to obtain partition of their remainder interest. The Court of Appeals concluded that in order for a remainderman to utilize the Statute, the remainderman must be found to have held some possessory interest in the land either as a joint tenant, tenant in common or in coparceny. The Court of Appeals further found that in the case at bar, the remaindermen, if they fit any category, must fit the category of tenants in common, but found that they could not meet this test because they had no right of present possession.

The Court of Appeals' interpretation of § 34-1801 would be to hold that the remaindermen, between themselves, would not be able to partition their future interests. However, the Statute, the legislative history and previous findings of this Court would specifically permit remaindermen their right of partition and we so hold.

In reaching this conclusion we first carefully examined the Statute. We could not find that the Statute specifically limits the power to partition to those who have possessory interests. Had the legislature intended for this restriction to

be in place it could have easily specifically provided such a restriction. But to the contrary, by utilizing the words "or subject to a life estate" the General Assembly specifically recognized the rights of those persons who have an interest in land subject to a life estate, otherwise known as remaindermen. The General Assembly further emphasized the broad latitude of citizens to utilize the Statute when it provided, "any persons having any interest in [the land]" could utilize the statutory right to partition.

The two amendments to the Statute in the years 1941 and 1947 contained emergency clauses wherein the legislature specifically found that the Statute should be amended to broaden its scope because it was ... "working an unjust hardship upon citizens owning property jointly, in common or in coparceny, absolute *or subject to the life estate of another* or otherwise, and that such condition is hindering the alienation of real property and prejudicing the property rights of many citizens." Section 3 of Acts 1941, No. 92 and Section 3 of Acts 1947, No. 161. Nowhere did the General Assembly provide that one must have a possessory interest in property in order to take advantage of the partition rights provided by the Statute and at every turn the General Assembly has sought to broaden the rights of different categories of citizens to exercise the right of partition.

This Court has previously interpreted the Statute and has previously specifically held that Act 92 of 1941 amended the Statute to allow partition among remaindermen, subject to the life estate of another. *Monroe v. Monroe*, 226 Ark. 805, 294 S.W. 2d 338 (1956). We note that the Court of Appeals has taken certain statements in the *Monroe* case and utilized them to support its position; however, as the Court of Appeals indicated the issue in the *Monroe* case was substantially different from the one of the case at bar and must be read in that light.

As recently as 1976 this Court has reaffirmed its holding that the Statute allows partition of property by the remaindermen subject to the life estate of another. In such cases we have also recognized that the courts of other jurisdictions have held that a remainderman can obtain partition as

against other remaindermen and in one case this Court recommended to an appellee that he might specifically seek partition of the remainder interest subject to the life estate of another. *Bowman* v. *Phillips*, 260 Ark. 496, 542 S.W. 2d 740, 741 (1976).

To further buttress our interpretation we found guidance from the Restatement of Property which as a general rule in Section 175 discusses the statutory power which allows partition of future interest in land.

(1) When a future interest in land is owned in a joint tenancy or in a tenancy in common then a concurrent owner in such future interest has power to compel partition thereof when the requirements of all the Clauses of Subsection (2) are satisfied.

(2) The prerequisites for the existence of the power stated in subsection (1) are the following:

(a) the state wherein the affected land is located has a statute which, in specific words, confers the power to compel partition on a joint tenant or tenant in common in a "reversion or remainder", ... or in "an interest or estate in land," *or which employs other language of like import* [emphasis added]; and

(b) a joint tenant or tenant in common, in exercising such power complies with all the requirements specified by such statute as to matters other than the prerequisite variety of future interest; and

(c) the creator of the concurrently owned future interest has not manifested effectively an intent that no such power to compel partition be present; and

(d) the future interest of such joint tenant or tenant in common is a future estate in fee simple absolute and not subject to a condition precedent. Restatement of Property, Section 175 (1936) page 676.

In the case at bar, the remaindermen seeking partition appear to have a vested remainder interest in the fee simple

absolute, subject only to a life estate. It is well recognized that in addition to Arkansas there are other jurisdictions that give citizens the power to partition when they own, as a cotenant of the future interest, an indefeasibly vested remainder or reversion in fee simple absolute, subject to the life estate. See L. Simes, *Law of Future Interest, Second Edition* (1966), and see 59 Am. Jur. 2d Partition, Section 170, page 899.

We specifically recognize that a statute, such as that involved in this case is contrary to the general rule of the common law which purports to prohibit a party from maintaining a proceeding for compulsory partition unless he has an estate which consists of a possessory interest. 59 Am. Jur. 2d Partition, Section 170, page 899. However, the General Assembly of the State of Arkansas has not provided in the subject Statute that there be any requirement of present possessory interest held by the remainderman and to hold otherwise would be writing a limitation into the Statute which does not presently exist. We cannot ignore the fact that the amendments to the Arkansas partition statute have consistently been moving toward broadening the right of different groups of citizens to utilize the right of partition provided by the Statute to avoid hindering the alienation of the property rights of such citizens.

Therefore, we hold that under Ark. Stat. Ann. § 34-1801 citizens of the State of Arkansas who have an interest in property as remaindermen, whether or not they have any possessory interest, may utilize the power of partition provided in the Statute to partition their respective future interests in the subject property which are subject to and do not affect the life estate of another.

We reverse the finding of the Court of Appeals insofar as it relates to the interpretation of Ark. Stat. Ann. § 34-1801 and we affirm the findings of the Chancery Court and its decree.

Reversed.

HAYS, J., not participating.