Lynn STAGGS *v.* James Larrell STAGGS,
David Lynn STAGGS and Phillip Lee STAGGS

82-106                                                641 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered November 8, 1982

*Jon R. Sanford* of *Sanford, Pate & Marshewski,* for appellant.

*William R. Bullock* of *Bullock, Hardin & McCormick,* and *Bob Scott,* for appellees.

ROBERT H. DUDLEY, Justice. Mamie Staggs devised a life estate in real estate to her son, appellant James Lynn Staggs, with the remainder to appellees, James Larrell Staggs, David Lynn Staggs and Phillip Staggs. Appellant sought a partition of the lands or a commutation of his life estate to a sum certain in money. The trial court granted appellees' motion for summary judgment. We affirm. Jurisdiction is in this Court within the purview of Rule 29 (1) (a) because the case requires the interpretation of a statute and the construction of the Constitution of Arkansas.

Under Ark. Stat. Ann. § 34-1801 (Supp. 1981) one who holds a life estate in land by virtue of dower or curtesy may petition to have it partitioned or commuted, or both; and, unless great prejudice is shown to the other owners, the petition is granted. *Gibson* v. *Gibson,* 264 Ark. 418, 572 S.W.2d 146 (1978). However, under the same statute, one who acquires a life estate by will or by deed does not have the same right of partition or commutation. *Bowman* v. *Phillips,* 260 Ark. 496, 542 S.W.2d 740 (1976).

Appellant contends this dichotomy denies the owner of a life estate created by will or deed the equal protection of and equal rights under the law as guaranteed by Article II, §§ 3 and 18 of the Constitution of Arkansas and under similar provisions of the Constitution of the United States. He argues that this distinction serves to discriminate in an invidious and irrational manner.

While the possessors of the two types of life estates hold identical interests, the life estates can be fairly and rationally distinguished on the basis of their origin. A life estate created by deed is the result of an intentional act of the grantor to accomplish some purpose; for example, to impose spend-thrift protection against a life tenant's squandering of his estate. Similarly, a testamentary life estate is intentionally created by the testator. Separate and distinct is the dower or curtesy life estate which is an estate created by operation of law.

A statute which provides a cause of action for partition or commutation of a life estate created by will or deed would serve to thwart the intent of the testator or grantor. However, where the life estate is created by operation of law, the statutory cause of action for partition or commutation by a life tenant does not contravene an expressed intent. The distinction is fair and rational. Ark. Stat. Ann. § 34-1801 (Supp. 1981), as applied in this case, is not violative of Article II, §§ 3 and 18 of the Constitution of Arkansas, nor is it contrary to similar provisions of the Constitution of the United States.

Affirmed.