Garland F. MORRIS *v.* B. Reagan McLEMORE

92-1179                                      852 S.W.2d 135

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*David J. Potter*, for appellant.

*Atchley, Russell, Waldrop & Hlvanka;* by: *John R. Mercy, Helmut F. Talton & Jeffrey C. Lewis*, for appellee.

ROBERT H. DUDLEY, Justice. This case involves construction of the statute of limitations provision for legal malpractice. Garland Morris, Jr., appellant, contends that his father, Garland Morris, Sr. and his father's wife, Sophia, entered into a contract to make irrevocable wills, and that they employed appellee Reagan McLemore, an attorney licensed in Texas, to prepare the wills for them on August 8, 1969, more than twenty-three years ago. According to appellant, Garland Morris, Jr., Sophia's will was to provide that her entire estate would go to Garland Morris, Sr., but if he predeceased her, it would go to appellant, and Garland Morris, Sr.'s will provided that half of his estate would go to his wife, and the other half in trust for Garland Morris, Jr., with Sophia as trustee. In short, after the death of both Morris, Sr. and Sophia, appellant would receive all of the property. However, Sophia destroyed her will soon after making it. Garland Morris, Sr. died in January 1985, and his will was admitted to probate on April 5, 1985. He was survived by Sophia.

Appellant, Garland Morris, Jr., filed suit alleging the wills were reciprocal and could not be revoked. The chancellor held there was no agreement for reciprocal wills and dismissed the suit. We affirmed. *Morris* v. *Cullipher*, 299 Ark. 204, 772 S.W.2d 313 (1989). In 1987, appellant Garland Morris, Jr. again sued Sophia, but this time alleged breach of fiduciary duty in her performance as executrix of the estate of Morris, Sr. The probate court denied relief, and we affirmed. *Morris* v. *Cullipher*, 306 Ark. 646, 816 S.W.2d 878 (1991). In this suit, appellant Morris, Jr. alleges that the attorney who prepared the wills, appellee Reagan McLemore, committed malpractice when he prepared the wills more than twenty-three years ago. The trial court dismissed the case because the three-year limitation on malpractice had run, and because there was no privity which would allow appellant Morris, Jr. to sue the attorney. Garland Morris, Jr. appeals and argues that the trial court erred in both rulings. We affirm the ruling dismissing the case on the basis of the statute of limitations. As a result, it is not necessary for us to reach the privity issue.

The statute of limitations in legal malpractice cases

begins to run, in the absence of concealment of the wrong, when the act of negligence occurs, not when it is discovered. *Goldsby* v. *Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992); *Chapman* v. *Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991). This has been our interpretation of the applicable statute for over 100 years. *See White* v. *Reagan*, 32 Ark. 281 (1877). Even so, appellant asks us to apply the "time of injury" rule in this case. We decline to do so. A cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation so that it is not taken to mean one thing at one time and something else at another time. When a statute has been construed, and that construction has been consistently followed for many years, such construction ought not be changed. *Southwest Ark. Communications, Inc.* v. *Arrington*, 296 Ark. 141, 753 S.W.2d 267 (1988). As time passes, the interpretation given a statute becomes a part of the statute itself. *Gibson* v. *Gibson*, 264 Ark. 418, 572 S.W.2d 146 (1978). Accordingly, we will not change our interpretation of the statute that provides the limitation for legal malpractice actions.

Affirmed.