PHILLIPS *v.* FIRST NATIONAL BANK OF VAN BUREN.

Opinion delivered May 20, 1929.

*C. M. Wofford,* for appellant.
*E. L. Matlock,* for appellee.

McHANEY, J.   In the year 1910 Ed Webster died in Crawford County, Arkansas, leaving a last will and testament, in which he gave his widow, the appellant, who has since remarried, a life estate in 80 acres of land, in lieu of dower, and the remainder of his real estate to his two

sons, Keith and Glenn B. Webster, together with the remainder in the 80 acres set apart to his widow for life. This will was admitted to probate in 1910, but the widow, in proper time, renounced the will, and elected to take under the law her dower interest in her husband's estate. Dower was never assigned to her.

On June 5, 1926, Keith Webster and his wife executed and delivered to the appellee their mortgage covering ''all of their right, title and interest, present and prospective, in and to'' all the lands which he received from his father's estate as cotenant with his brother, Glenn B. Webster, to secure their promissory note in the sum of $2,712 of the same date. In other words, Keith Webster undertook to mortgage to appellee his undivided interest, present and prospective, in his father's estate. Keith Webster failed to pay his indebtedness to appellee, and this suit was brought by it to foreclose the mortgage covering said indebtedness, in which Keith Webster and his wife, the appellant, Glenn B. Webster and others, were made parties defendant.

It appears that Glenn B. Webster was a nonresident, and that service was had upon him by warning order. The report of the attorney *ad litem* shows that he was notified of the pendency of the action, but did not appear, and made no defense. The appellant appeared, and filed a separate answer, in which she set up the facts heretofore stated relative to the said lands, and claimed a one-third interest in and to all of the lands described in the complaint, which constituted all the lands of which Ed Webster died seized and possessed. She further claimed that she had furnished her husband with funds with which to buy one 80-acre tract, the deed to which was taken in her husband's name, and that this tract was held in trust for her by him. She prayed that her interest and that of the heirs of Ed Webster in his estate be ascertained and declared; that her dower interest in said property be apportioned and set aside to her; and that only the interest of Keith Webster in said lands be foreclosed and sold under the mortgage of appellee.

The court entered a decree denying the claim of appellant to the 80 acres mentioned, and dismissed same for want of equity, excepting her right of dower in the land. Judgment was entered against Keith Webster and his wife for the amount of the note and interest, and a sale decreed of all the lands, "and the entire title thereto of all the defendants" was ordered sold at public vendue, etc. It was further decreed that "the interest of the widow, Allie Webster Phillips, and Glenn B. Webster in and to the proceeds of said sale to await distribution after the report of sale." The court further found that the lands could not be partitioned in kind among the several owners without great prejudice to their rights and interests therein. This finding apparently formed the basis of the decree selling the entire tract of land, and all the title thereto, including that of Glenn B. Webster, and the dower interest of the widow.

This decree cannot stand. This was not a partition suit, but a foreclosure suit—a suit to foreclose a mortgage on an undivided interest of one of the tenants in common. The mortgage covered only the interest Keith Webster had in the land, and this suit was brought to foreclose the mortgage covering that interest only. The complaint prayed for that relief only, and was all the relief to which the appellee was entitled. The appellee could not have maintained a partition suit based merely on its mortgage. Our statute, § 8091, C. & M. Digest, provides: "Any person desiring a division of land held in joint tenancy, in common or in coparceny, shall file in the circuit court a written petition," etc. Appellee did not claim to hold in joint tenancy, in common, or in coparceny. The complaint did not state a cause of action for partition, as it failed to allege such an interest in the land as would justify partition.

In *Eagle* v. *Franklin*, 71 Ark. 544, 75 S. W. 1093, Judge RIDDICK, speaking for the court, said: "To entitle one to have partition of lands, he must not only have title, but must have possession, either actual or construc-

tive, of the lands which he asks to have partitioned."
In this case appellee had neither title nor possession. It
was the mortgagee, but not in possession, nor entitled to
the immediate possession.

In 30 Cyc. 194, the rule is stated as follows with ref-
erence to mortgagees:

"By the common law, mortgagees were vested with
the legal title, but not with a right of immediate posses-
sion. The right of mortgagees to maintain partition may
be considered with reference: (1) To those cases in which
two or more persons are mortgagees and undertake to
compel a partition which will affect only their interest
as mortgagees; and (2) to those cases in which a cotenant,
having executed a mortgage, his mortgagee undertakes to
compel a partition which will include an estate equivalent
to that held by the mortagor before the mortgage. In the
case first supposed, the partition must be denied, if for no
other reason, because, as against the mortgagor, the in-
debtedness to secure which the mortgage was given can-
not be split into fragments, nor can his right of re-
demption be thus divided. In cases of the second class,
partition has been ordered; but it is believed that this
position, if ever maintainable, has been judicially aban-
doned."

Moreover, appellant was entitled to have her dower
assigned. The statute requires the court, when it orders
and decrees dower to any widow, to appoint three com-
missioners, of the vicinity, who shall, by survey and
measurement, lay off and designate, by metes and
bounds, the dower of the widow. Section 3553, C. & M.
Digest. The court had no power to decree a sale of her
dower interest in the lands without her consent. All that
the court had power to do in this action, and all that the
complaint asked the court to do, was to foreclose the
interest of Keith Webster and his wife in and to the
lands covered by the mortgage, and then only subject to
appellant's interest in the land by way of dower. Before
appellee could have partition and sale of the entire land,

even as against Glenn B. Webster, it must become the owner of Keith Webster's interest therein, and become a cotenant with Glenn B. Webster. If, at the foreclosure sale hereinafter ordered, appellee becomes the purchaser and acquires the interest of Keith Webster, it may thereafter bring partition, but it may not become the purchaser at the foreclosure sale.

The decree of the court will therefore be reversed, and the cause remanded with directions to enter a decree foreclosing the interest of Keith Webster in and to the lands covered by the mortgage, subject, however, to the widow's right of dower. It is so ordered.