### WALDON et al. v. BAKER et al.

No. 28488.     Feb. 7, 1939.

Rehearing Denied March 21, 1939.

"To my (son, or daughter, naming him, or her), I give, bequeath and devise during (his or her) natural life, an undivided one-seventh (1/7) interest, the fee to descend to the issue of (his or her) body."

The sixth paragraph of the will follows the above devises, and is in the following language:

"I further direct that should any of my children die without living issue or children of living issue, then the fee shall go to my living children in equal parts."

Subsequent to the settlement of the estate in county court as aforesaid, all the devisees in esse became parties to a partition suit in district court wherein the lands of the testator were divided in kind among said devisees. The fee-simple title to a certain tract was set aside and confirmed to the widow, and a certain portion in fee to the children of the deceased child. To each of the living children a life estate in separate parcels was set aside, in the following language:

"A life estate in and to the following described land. (describing it) is hereby vested in (naming child), the fee to descend to his children."

In that action the will was construed and, as to the children, these plaintiffs and Byrd Waldon, now deceased was interpreted as leaving to each of said children an undivided one-seventh interest in the life estate, with remainder in fee to the issue of his body.

The present action is by the living children of testator to recover the fee-simple title to that portion of the lands in which a life estate was vested in Byrd Waldon, who died without issue. They assert that by virtue of the 6th paragraph of the will, devising to them a remainder in fee in default of children of the life tenant, they are entitled to possession and to have the fee-simple title quieted in them.

We gather from the record that the defendant Ben F. Baker claims fee-simple title to the premises by virtue of a quitclaim deed procured from Byrd Waldon, and by a tax deed thereafter acquired by Baker. He asserts that the aforesaid judgment in partition and the order therein confirming the report of commissioners vested the fee-simple title in the said Byrd Waldon, and that the plaintiffs are now bound by that judgment, and estopped to assert any right under the 6th paragraph of the will, above, purporting to devise to them a remainder in fee on default of issue surviving Byrd Waldon.

Hatcher & Bond, for plaintiffs in error.

Melton, McElroy & Vaughn, for defendants in error.

GIBSON, J. This action is one in ejectment and to quiet title, instituted by plaintiffs in error against defendants in error and others. The parties will be designated in the order of their appearance at the trial.

Plaintiffs claim title to the premises as alleged devisees of a remainder in fee therein under their father's will. The will had been duly probated, distribution had according to its terms, final settlement made, and the estate closed.

The aforesaid will devised to the testator's widow an undivided one-seventh interest in and to all the deceased's lands, and a like interest to the children of a then deceased child of the testator. To each of the living children, consisting of these plaintiffs, and a son, Byrd Waldon, since deceased, the will devised "an undivided one-seventh (1/7) interest in all the farm land owned by me at the time of my death, * * * during their natural life, creating a life estate, the fee to descend to their children, as follows:" Then follow separate paragraphs, all in identical words, except each one names a different living child. Omitting name and sex of devisee, as indicated, each paragraph reads as follows:

The judgment in the partition suit seems to have been silent concerning the 6th paragraph of the will.

After the issues were settled, defendants moved for dismissal, contending that the pleadings disclosed no right in the plaintiffs to maintain the action. This motion was sustained, with prejudice to future action. The appeal is from that order.

The motion to dismiss is equivalent to a motion for judgment on the pleadings, and will be so treated. We are therefore to determine from the facts pleaded which of the two asserted claims was the superior one.

Without doubt, the will passed to each of the living children a life estate in an undivided one-seventh interest in all the testator's lands and, in addition thereto, the remainder in fee and in cotenancy to the survivors in event of death of any of said children without surviving issue. Aside from their respective fractional life estates, the will passed to or created in the testator's children merely a contingent remainder in fee to those respective interests. The contingency was failure of surviving issue of the life tenant of each interest. 69 C. J. 635, sec. 1725; Id. 655, sec. 1749.

A remainder in fee limited to the children or the heirs of the life tenant's body, though such heirs be unborn at the time of the grant, is recognized by statute as a valid grant. Section 11766, O. S. 1931, 60 Okla. Stat. Ann. sec. 41. A remainder made contingent upon the failure of such heirs cannot vest until such failure becomes a settled fact. The latter is a contingent remainder and may not vest until failure of surviving issue of the life tenant becomes certain. Section 11759, O. S. 1931, 60 Okla. Stat. Ann. sec. 34. Though the fee-simple title is never in abeyance, the power of alienation may be suspended in the manner above stated. Section 11756, O. S. 1931, 60 Okla. Stat. Ann. sec. 31; section 11759, supra. The will in the instant case accomplished that end. As to each of the testator's children and his or her particular life interest, the remainder in fee limited upon each of said interests to their respective surviving issue, and over to the other of said children in default of such issue, was not in any event a vested remainder, but suspended the power of alienation in any manner that would tend to deprive potential remaindermen of their rights under the grant. We do not mean to say, however, that a contingent remainderman in being may not effectively assign his contingency in a manner to estop him from later asserting his title after the contingency transpires. See section 11755, O. S. 1931, 60 Okla. Stat. Ann. sec. 30; 5 C. J. 852, 853, 854, sec. 16; 21 C. J. 998, sec. 156; 21 C. J. 1032, sec. 231.

It is certain that under the will and decree of distribution in county court these plaintiffs were entitled upon the death of Byrd Waldon to take the fee-simple title to the undivided one-seventh interest which was limited upon his particular life estate.

The effect of the aforesaid partition suit is discussed at some length in the briefs. As above indicated, the defendants take the position that all the estates, vested and contingent, in the land claimed or to be claimed by plaintiffs as devisees under the will were adjudicated in said suit; and that as to each party thereto, his claim in the parcels set aside to the others was thereby settled and foreclosed, and that the judgment therein gave to each the fee-simple title to his respective tract.

The record here does not disclose the complete judgment roll in the partition suit. We have before us, however, the will as pleaded therein, the judgment in partition, and the order confirming report of commissioners dividing the land in kind. Contrary to defendants' contention, the judgment and order do not purport to vest in the testator's children a fee-simple title to the parcels set aside to them. They partition only the life estate owned by said children and the contingent remainder devised to their respective issue. The effect thereof upon the latter estate will be discussed later.

As to the contingent remainder over to these plaintiffs, no attempt was made to partition the same. Though not a vested estate, had they attempted a partition thereof among themselves, a judgment dividing the land with reference thereto might now be said to bar each of them from claiming the remainder in the other parcels so set aside. The partition suit will operate as a grant or alienation in such case. But the partition operates only by way of estoppel and not as an adjudication (see 5 C. J. 852, 853, 854, sec. 16). for contingent estates are not subject to judicial partition. 47 C. J. 299, secs. 81, 82; Id. 343, sec. 178. There is a distinct difference between the bar of res judicata and estoppel by accepting benefits under a voidable decree. The contingent estate in this case was not a proper subject of the litigation in the partition action seeking division in kind of the particular, or life, estate. The latter was

subject to partition; it was a vested estate. 47 C. J. 267, sec. 4.

The parties to the former suit were not obliged to seek partition of the contingent remainder as a necessary issue thereto; and the trial court entered no such judgment in partition. Consequently there was no judgment in existence affecting said remainder from which the plaintiffs could have accepted benefits to estop them. Construing the judgment and order in partition with the will, the act of the court in vesting the life estate in the respective children to separate tracts, "the fee to descend to his children," did not change the terms of the will. The court was without power to partition the contingent remainder of the children in all the land represented by the life estates of their parents. Those children, if any were then in existence, were not parties to the action, and have not benefited thereby so as to be estopped by the judgment.

When the testator died, his widow and grandchildren, as we have stated, were vested immediately with an undivided two-sevenths interest in the fee-simple title to all the lands of the testator. By virtue of the residuary clause in the will, the widow and five children of the testator became the owners of a determinable fee in the other five-sevenths interest in all the estate, subject to termination as the different contingent remainders should thereafter become vested estates in possession. When Byrd Waldon died, one of these contingent remainder interests, or one-seventh, became vested in plaintiffs as a fee-simple title in all the lands, and, as to the parcel here in question, his death ended the particular estate supporting the remaining four contingent remainder interests. This, however, does not destroy the remainders as would probably be the case at common law, for under our statute the power of alienation may be suspended by will, and a future estate may be granted. Section 11756, supra; 11760, O. S. 1931, 60 Okla. Stat. Ann. sec. 35.

At all times during the term of these life estates the determinable fee thereunder remained in the residuary devisees. The partition suit removed the life estates of these plaintiffs from the tract in dispute. When Byrd Waldon died, no life estate in said tract remained, but these plaintiffs with the widow or her successors were entitled to the immediate possession thereof as owners of the determinable fee aforesaid.

When defendant Baker purchased the interest of Byrd Waldon in the tract set aside to him, and here in question, he took only Waldon's life estate therein. His tax deed he procured himself from the county. May he now, as against the remaindermen, successfully assert title thereunder?

Failure on the part of plaintiffs to tender the taxes, interest, and costs was one of the grounds urged for dismissal. Section 12761, O. S. 1931, 68 Okla. Stat. Ann. sec. 453.

Plaintiffs assert that the defendant, as life tenant, was charged with the duty of paying the taxes; that by reason thereof his payment of same, regardless of the manner of payment, inured to their benefit as remaindermen. Section 11794, O. S. 1931, 60 Okla. Stat. Ann. sec. 69. That section reads as follows:

"The owner of a life estate must keep the buildings and fences in repair from ordinary waste, and must pay the taxes and other annual charges, and a just proportion of extraordinary assessments benefiting the whole inheritance."

After defendant acquired the life estate, he settled the taxes on the particular land. That was his statutory duty. Whether he procured a tax deed in so performing his duty is immaterial. In Helm v. Belvin, 107 Okla. 214, 232 P. 382, it was held that the life tenant must ordinarily pay the general taxes; and in Riley v. Collier, 111 Okla. 130, 238 P. 491, it was held that under the foregoing statute the life tenant has the duty to pay taxes and assessments against the property. This duty he owes to the remaindermen. Since the defendant was charged with this duty, he is in no position to demand tender under the statute. That section does not apply in such case.

After deducting the two-sevenths interest of the widow and grandchildren in the fee, and the one-seventh of these plaintiffs as aforesaid, there remained as to the parcel in litigation a determinable fee in four-sevenths undivided interest. This four-sevenths interest belonged to these plaintiffs and the widow, or her successor, in equal parts. It follows that plaintiffs are entitled to judgment on the pleadings for possession of the land to the extent of an undivided one-seventh interest in the fee-simple estate and their four-fifths of four-sevenths interest in the determinable fee.

The judgment is reversed and the cause remanded, with direction to enter judgment for plaintiffs for possession and quieting title as above indicated, and, further, to proceed to determine the issues relative to rents and profits.

BAYLESS, C. J., and RILEY, DAVISON, and DANNER, JJ., concur.