GOODLETT v. GOODLETT.

4-7740                                    190 S. W. 2d 14

Opinion delivered November 12, 1945.

June P. Wooten, for appellant.

Ed E. Ashbaugh, for appellee.

ROBINS, J. By decree of the lower court appellee was granted a divorce from appellant, and was awarded $1,125 in cash, one-half of certain personal property, all the furnishings in one room of their home and an undivided one-third interest for her life in the real estate of appellant, consisting of 40 acres in Pike county and a residence in Little Rock. This decree was affirmed by us. *Goodlett* v. *Goodlett,* 206 Ark. 1048, 178 S. W. 2d 666.

After our decision was rendered, appellant filed in the lower court a petition, asking that the value of appellee's interest in the Little Rock real estate, and in the personal property, be ascertained by appraisers and that upon payment of the value of appellee's interest in the real estate to appellee by appellant the entire title be vested in appellant, and that the personal property be sold and the proceeds divided equally between appellant and appellee. Appellant also asked that he be permitted to deduct from the amount so to be paid to appellee $312 for rent of the residence, which had been occupied by appellee, and certain other sums said to have been expended by appellant for taxes, local improvement district assessments and insurance on the property.

Appellee filed response to this petition and on hearing thereof the lower court granted appellant's petition for ascertainment of the value of the personal property and ordered a sale of the real estate for division of the proceeds, in event the parties were unable to agree relative thereto, but refused to allow appellant's claim for rent for the period elapsing from date of the original decree to the time this court passed upon the case. Appellant excepted to the portion of the order by which he was denied this rent, and prayed an appeal which was granted, but which was not prosecuted by appellant.

Thereafter appellant, conceiving that there was doubt as to the legality of this order, moved that it be set aside. The lower court granted appellant's motion in part, and made an order setting aside the order "in so far as the same relates to a sale of the real property." This left in force that part of the order denying appellant recovery of rent on the dwelling house for the period

elapsing from the rendering of the original decree by the chancery court up until affirmance thereof by this court.

Appellant then filed as a new suit a petition for partition, asking for a sale of the Little Rock property and division of the proceeds thereof between the parties in accordance with their respective interests. This petition was granted by the lower court, which ordered sale of the property, reserving determination of the respective shares of the parties in the proceeds.

At the commissioner's sale the property brought the net sum of $3,454.60. It was agreed by the parties that the present value of appellee's interest in the proceeds amounted to $610.46.

After the sale, appellant filed a motion in which he asked the court to deduct from appellee's share in the proceeds, to be paid to him by the commissioner, the amount claimed by him for rent on the property and certain other sums for taxes, insurance and repairs on the property. Appellee answered this motion with a general denial and a plea of *res judicata*. At the same time she filed a bill of review in which she asserted that in the original divorce proceedings appellant had fraudulently concealed his ownership of a $5,000 deposit in a bank, and of a certain automobile; and she asked that she be awarded a proper share of this undisclosed property.

On trial below the court found that appellee owed appellant $63.44 for rent on the dwelling house accruing after final disposition of the divorce case by this court, denied him any rent up to that time, allowed him recovery of certain items of taxes, insurance and utility bills, and denied in full his claim for repairs; and the court refused appellee any relief under her bill of review.

Both sides have appealed, appellant urging that the lower court erred in not allowing him one-third of the rental value of the dwelling house from the granting of the divorce to the affirmance by us, and also one-third of the amount expended by him for repairs on the residence; and appellee assigns as error the refusal of the court to allow her relief on her bill of review, and she

further contends here that the court, having awarded her a life interest in the home place, was without power to order a partition thereof, since it was her homestead.

Appellant's claim for rent had been passed on and disallowed by the lower court in the order of April 29, 1944, from which appellant was granted, but failed to prosecute an appeal. The former decree was a complete bar to assertion of this claim by appellant. Conceding that in any view of the matter appellee was liable for a part of the expense of repairs made on the dwelling house without her authorization, appellant failed to prove when these repairs were made. If they were made before the divorce decree, appellee would, of course, not be liable for any part of the costs thereof. Appellant showed when he paid for these repairs, but failed to prove when they were made. The lower court for this reason, if no other, properly denied recovery therefor.

As to appellee's rights under the bill of review, it may be said that she failed to allege sufficient grounds to entitle her to have the previous judgment re-opened. For requisite grounds of a bill of review, see *Evans* v. *Parrott,* 26 Ark. 600; *White* v. *Holman,* 32 Ark. 753; *Parks* v. *Gray,* 176 Ark. 629, 3 S. W. 2d 690.

But, assuming that her bill did state grounds for vacating the decree, she did not prove any of the grounds she alleged. It was shown that appellant did not have the concealed bank account which she alleged, and that there had been no concealment of the ownership by him of the automobile. Appellant's possession of such a car was not only known to her during the first litigation, but it was discussed in her testimony and in her brief in the first appeal. It follows that the lower court properly denied appellee relief under her bill of review.

A complete answer to appellee's contention that the lower court improperly awarded partition of the residence property is that appellee did not assert any homestead right when appellant petitioned for partition, nor did she appeal from the decree ordering partition. The lower court granted her, not the entire property for her

life, but only an undivided one-third interest for her life therein, and the remaining share was vested in appellant, thus creating such a tenancy in common between her and appellee as would authorize partition. 40 Amer. Jur., p. 90, § 107.

No error appearing, the decree of the lower court is affirmed.