MCGEE v. HATCHER.

4-9215                                            230 S. W. 2d 41

Opinion delivered June 5, 1950.

*A. A. Robinson,* for appellant.

*George H. Steimel* and *W. J. Schoonover,* for appellee.

DUNAWAY, J. Elsie Dalton McGee has appealed from a decree partitioning in kind certain lands in Randolph County, Arkansas.

In 1935 Dr. J. W. Dalton and his wife conveyed to their four daughters by warranty deed the lands involved in this appeal. The pertinent language of this deed reads as follows: ". . . we . . . do hereby grant, bargain, sell and convey unto the said Mrs. Nellie E. Hatcher, Mrs. Blanche Celeste Henderson, Mrs. Sarah Elsie McGee, and Mrs. Willie May Wilson all the following described real estate, lying and being situated in Randolph County, Arkansas, the respective interests taken by each of the said grantees being hereinafter set out, to-wit: (giving description of lands) it being the intention of this deed to convey all lands in Randolph County now owned by us or either of us.

"It is intended by this conveyance to deed to each of the said Nellie E. Hatcher, Mrs. Blanche Celeste Henderson, and Mrs. Willie May Wilson, absolute title to one-fourth interest in all the said lands and to Mrs. Sarah Elsie McGee an estate of one-fourth interest therein, during her natural life, with remainder to her bodily heirs, or in event she leaves no bodily heirs surviving her, such remainder to go in equal parts to the said Mrs. Nellie E. Hatcher, Mrs. Blanche Celeste Henderson, and Mrs. Willie May Wilson.

"To have and to hold the said described lands unto the said Nellie E. Hatcher, Mrs. Blanche Celeste Henderson, Mrs. Willie May Wilson and Mrs. Sarah Elsie McGee, and unto their heirs and assigns, subject to the provision in last paragraph above as to the estate granted to said Mrs. Sarah Elsie McGee."

This partition suit was filed by Nellie E. Hatcher, as owner under the above-quoted deed of an undivided one-fourth interest in the lands in question, and Lewis D. Hatcher, who had acquired the undivided one-fourth interest of Mrs. Celeste Dalton Henderson. The heirs of Mrs. Willie May Wilson, owners of her undivided one-fourth interest, and Elsie Dalton McGee, owner of the remaining undivided one-fourth interest, were made parties defendant. It was alleged in the complaint that Mrs. McGee was the owner of a life estate.

Two issues were raised in the answer filed by Mrs. McGee. She asked the court to decree that she was owner

of an undivided one-fourth interest in fee, rather than of a life estate. She further contended that if her estate was only one for life, there could be no partition.

The Chancellor held that Mrs. McGee's interest in the lands in suit is an estate for life, and decreed partition in kind with Mrs. McGee's share set apart to her for life, remainder to her bodily heirs. On this appeal Mrs. McGee argues the same two issues presented in the court below.

That Mrs. McGee holds only a life estate under the deed from her father and mother is clear from the quoted language of the instrument. Although it is argued that there is a repugnancy between the granting and *habendum* clauses, this is plainly not so, and it is not even necessary to resort to the rule in *Beasley* v. *Shinn*, 201 Ark. 31, 144 S. W. 2d 710, 131 A. L. R. 1234, in construing the instrument. In the granting clause, it is specifically said that the "respective interests taken by each of the said grantees being hereinafter set out"; then follows the language limiting Mrs. McGee's one-fourth interest to an estate "during her natural life, with remainder to her bodily heirs," and if none survive her, remainder to her named sisters.

The other question presented by this appeal does not appear to have ever been decided by this court. The statute under which this suit was filed reads in part as follows: "Any persons having any interest in and desiring a division of land held in joint tenancy, in common or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the entirety where said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons, shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, . . ." Ark. Stats. (1947), § 34-1801.

In *Krickerberg* v. *Hoff*, 201 Ark. 63, 143 S. W. 2d 560, we held that one owning both an undivided one-half interest for life and the entire fee in certain property was entitled to partition against the owner of the other undivided life interest. There, in discussing whether the parties were co-tenants, or tenants in common, within the meaning of the partition statute, we said at page 67: "In determining whether there is a co-tenancy or tenancy in common, the test seems to be whether the right of possession is present. In the instant case the right of possession is present, both appellee and appellant being entitled to possession of an undivided one-half interest of the entire property."

An earlier case in which we impliedly approved a partition between the owners of undivided interests in fee and the owner of an undivided interest for life, which was followed by contingent remainder interests, is *Liberty Central Trust Co.* v. *Vaughan,* 167 Ark. 219, 267 S. W. 361. The right of partition was not actually considered by the court, a prior consent decree of partition not having been appealed from; the question in the case being whether the partition decree had enlarged the interest of one of the remaindermen from a contingent to a vested remainder. The court did, however, discuss the earlier partition proceedings with apparent approval. It should be noted, though, that in that case the contingent remaindermen were made parties defendant in the partition suit.

The exact question now before us is whether the owner of an undivided interest in fee is entitled to partition in kind where one of the present possessory interests is a life estate with contingent remainders thereafter limited, and the remaindermen are not in being; and further, if there may be partition, whether it is effective only for the duration of the life estate or is binding as to the remainder interests as well.

There have been a great many variations in the decisions in different jurisdictions on the right to partition among the owners of possessory interests, where some own the fee and others have life interests only; distinctions being made as to whether it is the owner of an inter-

est in fee or the life tenant who is seeking the partition, whether the remaindermen may or must be made parties to the suit, and the extent to which they are bound by the decree. Differences in the language of the various statutes account for much of the diversity in the cases. The authorities are collected in an annotation in 12 A. L. R. 662, supporting the statement that "under statutes authorizing partition in kind or sale for partition among co-tenants, it is recognized quite generally that an owner in fee of an undivided share in real estate is entitled to a judicial separation of his share from that of an undivided share held by another in life tenancy at least for the duration of the life estate."

We hold that in the case at bar the court properly decreed a partition in kind, and that the separation of the undivided shares as ordered is binding upon the owners of the future interests in the share of Mrs. McGee. This is in accordance with the view expressed in 3 Simes Law of Future Interests, § 661, p. 74:

"It would seem that, in order to effectually partition the entire estate of a possessory co-owner, it is sometimes necessary to subject a future interest to partition. Thus, under statutes limiting the power to partition to those who have possessory interests, there is frequently a liability to be subjected to partition on the part of persons having future interests. . . .

". . . Indeed, if a plaintiff in a partition action owns an undivided share in fee simple absolute as a possessory co-owner, it would seem that he is entitled to partition of the entire fee simple and thus has the power to bind owners of contingent or defeasible remainders or executory interests or indeed any other owners of future interests in the other undivided shares."

The rule is stated as follows in Restatement, Property, § 126:

"(1) When a possessory estate for life is owned by a joint tenant or by a tenant in common, and at least one undivided share in such land is

"(a) owned in fee simple by another joint tenant or tenant in common:

. . . . .

then such joint tenant, or tenant in common, has a power to compel the partition of the ownership of the land in which such estate for life exists, so as to bind the future interests limited after such estate for life, unless the creator of the estate for life, by the terms of the creation of such estate, has manifested an intent that there be no such power, . . ."

See, also, Restatement, Property, § 177; *Waldon v. Baker,* 184 Okla. 492, 88 P. 2d 352; *Trumbo* v. *Sanford,* 305 Ky. 231, 203 S. W. 2d 22; *Whittaker* v. *Porter,* 321 Ill. 368, 151 N. E. 905.

The decree is affirmed.