MONROE *v.* MONROE.

5-1033                                    294 S. W. 2d 338

Opinion delivered October 22, 1956.

*Denman & Denman,* for appellant.

*F. C. Crow,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal necessitates a study of § 34-1801 Ark. Stats. The ques-

tion is whether, under the said Statute, the exclusive owner of a life estate may, against the resistance of the remainderman, obtain an order from the Chancery Court for the sale of the entire title of the land and a partition of the proceeds.

The facts are stipulated: William Edward Monroe died intestate, seized and possessed of certain lands in Hempstead County. He was survived only by (a) his widow, the appellee, Mrs. Sleetie S. Monroe, and (b) his son, Bryan Monroe. The estate of William Edward Monroe was duly administered by the Hempstead Probate Court; and a tract of fifty-eight acres of land was set aside to Mrs. Sleetie S. Monroe as her dower. Later Mrs. Monroe filed the present petition in the Hempstead *Chancery* Court alleging: that she was the life tenant (by virtue of her dower) of the fifty-eight acre tract; that Bryan Monroe was the sole remainderman; that the land was not producing any appreciable amount; that Mrs. Monroe desired the fifty-eight acres sold and the proceeds divided.[1] The Chancery Court held that the life tenant was entitled to such a partition; and this appeal challenges that decree.

We reach the conclusion that § 34-1801 Ark. Stats. does not support the decree of the Chancery Court. Mrs. Monroe, as the life tenant under dower, is in *exclusive possession* of the fifty-eight acres, and Bryan Monroe owns the remainder. He has no right to any possession during the life of Mrs. Monroe. Our partition statute envisages that two or more persons are *at the same time* entitled to possession. The present statute (that is § 34-1801 Ark. Stats.) has an interesting history. With slight changes in verbiage,[2] it existed from the Revised Statutes of 1838 down to the first amendment of it, which was Act 92 of 1941. In 1929, in the case of *Phillips* v. *First National Bank*, 179 Ark. 605, 17 S. W. 2d 298, we said of this partition statute as it then existed:

---

[1] Under Act 122 of 1951 of the Arkansas Legislature, it is easy to establish the value of a life estate.

[2] These changes are shown in the Annotator's note following the section in the present volume of Ark. Stats. Annotated of 1947.

"Our statute, § 8091, C. & M. Digest, provides: 'Any person desiring a division of land held in joint tenancy, in common or in coparceny, shall file in the circuit court a written petition,' etc. Appellee did not claim to hold in joint tenancy, in common, or in coparceny. The complaint did not state a cause of action for partition, as it failed to allege such an interest in the land as would justify partition."

Since Mrs. Monroe was neither a co-tenant nor joint tenant with her son, Bryan Monroe, she could not have obtained partition under the law as it existed in 1929. Again, in *Krickerberg* v. *Hoff*, 201 Ark. 63, 143 S. W. 2d 560, we said in 1940: "While it is true that there can be no partition where one holds the life estate in property with sole right to its possession, and the remainder in another, this is not the situation here." The quoted language shows that at the time of the decision in that case (October, 1940), the holder of the life estate could not obtain partition against the remainderman.

Since 1940 there have been two amendments to our partition statute, and the original statute and the amendments are contained in § 34-1801 Ark. Stats. The first of these amendments was Act 92 of 1941, and it amended the statute to allow partition among the remaindermen, subject to the life estate of another. We will later discuss this amendment in detail. The second amendment was Act 161 of 1947; and was to allow, in certain instances, the partition of estates held by entirety.[3] Appellant says that the effect of the words "or otherwise" in the said Act 92 of 1941 was to allow partition in a case such as the one at bar. In ordinary type we show below, the statute as it existed prior to the 1941 amendment; and in italicized type, we show the amendatory language:

"Any person *having any interest in and* desiring a division of land held in joint tenancy, in common or in

---

[3] The caption of that Act reads: "AN ACT to Amend Section 10509 of Pope's Digest of the Statutes of Arkansas, As Amended by Act 92 of the Acts of the General Assembly of 1941, by Including Therein Persons Holding Real Estate Under An Estate by the Entirety, Where Such Persons Have Been Divorced, and for Other Purposes."

coparceny, *absolutely or subject to the life estate of another or otherwise,* shall file in the circuit *or chancery* court a written petition . . ." etc., etc.

We hold that the addition of the underscored words was to allow the partition of property by *remaindermen,* subject to the life estate of another; and we hold that the words "or otherwise" modified and referred to the life estate of another and did not refer to "in joint tenancy, in common or coparceny." Our present holding follows the case of *Goodlett* v. *Goodlett,* 209 Ark. 297, 190 S. W. 2d 14, decided in 1945, which was after the 1941 amendment. In that case, Mr. Justice ROBINS, in affirming a partition decree, used this language:

"The lower court granted her, not the entire property for her life but, only an undivided one-third interest for her life therein, and the remaining share was vested in appellant, thus creating such a tenancy in common between her and appellee as would authorize partition. 40 Am. Jur. p. 90, § 107."

Thus we recognized, *after the* 1941 *amendment,* that there could be partition only when two or more persons were entitled to possession, and that the exclusive possession of the life tenant would not support partition against the remainderman.[4] We made reference to 40 Am. Jur. p. 90; and that text, on p. 92, cites many cases to support this rule:

"The decided weight of authority is to the effect that statutes authorizing chancery to partition property between coparcenors, joint tenants, or tenants in common, do not permit one who has a life tenancy only, so that there is no relation of co-tenancy between himself and his remaindermen, to compel partition as against

---

[4] In the case of *McGee* v. *Hatcher,* 217 Ark. 402, 230 S. W. 2d 41, we reiterated that the right of *present possession* between parties is essential to maintain partition. The fact that a remainderman may be entitled to partition where the life tenant is committing waste (see *Smith* v. *Smith,* 219 Ark. 304, 241 S. W. 2d 113) does not lead to a holding that the life tenant can force a partition against the will of the remainderman, who is certainly not injuring the property. Where the land is being sold and the entire proceeds reinvested by court order or in trust, then a different factual situation is presented. See *Wing* v. *Wing,* 212 Ark. 960, 208 S. W. 2d 776. Partition was not sought in that case.

such remaindermen, since such a statute in no way eliminates the element of cotenancy, which, in the absence of statutory elimination, is indispensable to an action for partition."

It is well to remember that under § 62-717 Ark. Stats., where dower is about to be allotted in the probate court and it is found that the dower cannot be allotted out of the real estate without great prejudice to the widow and heirs, then the probate court may, upon proper showing, sell the real estate free from the dower and pay the widow her proper part of the proceeds in lieu of dower. But, in the case at bar, Mrs. Monroe alleged that the dower had been allotted to her by the probate court. We, therefore, hold that the widow, having taken dower in the probate court, cannot later go in the chancery court and obtain sale of the fee against the remainderman.

It therefore follows that the decree of the Chancery Court is reversed and the cause is remanded, with directions to dismiss the complaint for partition.