J. Paul LITTLE, Appellee,

v.

George H. PENNEY et al., Appellants.

No. 44195.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 2, 1973.

Released for Publication by Order of the Court of Appeals Nov. 27, 1973.

James G. Davidson, Tulsa, for appellee.

Robert J. Woolsey, and Lawrence A. G. Johnson, Farmer, Woolsey, Flippo & Bailey, Inc., Tulsa, for appellants.

BAILEY, Presiding Judge:

The action was one to quiet title, determine heirs, and also to partition a possibility of reverter in certain lands in the City of Tulsa comprising a city park. Defendants have an undivided one-third reversionary interest in certain parts of Block One and Two in Boulder Park Addition to the City of Tulsa. This possibility of reverter came from deeds in which their ancestors conveyed a determinable fee in Boulder Park to the City of Tulsa with provisions for revesting of the title in themselves, their heirs or assigns in the event the City abandoned the property for park purposes. The plaintiff, J. Paul Little, had acquired the other two-thirds interest in the possibility of reverter by purchase from the other heirs of the grantors. The plaintiff also owns another tract of land in Tulsa on which stands an historic tree, the Creek Council Tree, which he has agreed to trade to the City for use as a park in exchange for the Boulder Park property if the Park property can be cleared of the reversionary interests (by this partition proceeding) so that it can then be conveyed to the plaintiff by the City and used by him for other than park purposes. The trial court decreed a partition of the possibility of reverter of all the

parties following a trial on stipulation and on offered evidence. It is from this decision only that this appeal is taken.

May an owner of a fractional interest in a possibility of reverter bring a partition action against the other holders of the undivided reversionary interest under 12 O. S.1971, § 1501 et seq., the Oklahoma partition provisions, when the condition on which the fee was conveyed has not yet been broken and therefore the holders of the reversionary interest have no right of possession of the property?

■ In general, compulsory partition is available only in the case of concurrent owners of a possessory estate. W. Burby, Real Property 350 (3d ed. 1965). "Under the rule in most jurisdictions, to enable a party to maintain a proceeding for compulsory partition, he must have an estate in possession, . .. . and since tenants in remainder or reversion have no such estate, the general rule is, both at law and in equity, that in the absence of any statute to the contrary, such tenants are not entitled to maintain a petition for a compulsory partition." 59 Am.Jur.2d Partition § 170 (1971). This appears to be the rule also in Oklahoma.

In De Mik v. Cargill, 485 P.2d 229 (Okl.1971), the Oklahoma Supreme Court held that partition by the holder of an overriding royalty interest was not authorized by the Oklahoma statutes on partition, in part because there was no right of possession in the holder. The Court said:

". . . Neither do we find cases which allow partition of real proeprty (sic) where the plaintiff's interest is not coupled with some right of possession. In Chouteau v. Chouteau, 49 Okl. 105, 152 P. 373, syllabus 1 states:

" 'A joint tenant out of possession cannot maintain a suit for partition against his cotenant, who holds adversely to him, without joining with the demand for partition a cause of action for possession of the land.'

"Since that time we have recognized that possession is a prerequisite of the right of partition."

485 P.2d at 234. In Waldon v. Baker, 184 Okl. 492, 494, 88 P.2d 352, 354 (1939), it is said that contingent estates are not subject to judicial partition.

We find nothing inconsistent with this position in Whitten v. Whitten, 203 Okl. 196, 219 P.2d 228 (1950), in which the Oklahoma Supreme Court said:

". . . That, as between life tenant and owners of contingent interests in remainder, there can be no partition in kind we held in Waldon v. Baker, 184 Okl. 492, 88 P.2d 352. Whether in the situations that obtain herein there may be a sale of the aggregate of the interests constituting ownership of the land is a matter addressed to the sound equitable discretion of the court."

This case merely holds that a life tenant (a holder of a possessory estate) may seek a judicial sale of all interests if necessary to preserve the estate from loss.

■ The plaintiff points to 12 O.S.1971, § 1502 as authority for a partition proceeding by one who has an undivided interest in a possibility of reverter. After § 1501 prescribes that the petition in partition must describe the property and the respective interests of the owners thereof, if known, § 1502 states:

"If the number of shares or interests is known, but the owners thereof are unknown, or if there are, or are supposed to be, any interests which are unknown, contingent, or doubtful, these facts must be set forth in the petition with reasonable certainty."

Fairly read, this provision does not sanction a partition petition *by* an unknown, contingent, or doubtful interest holder, i. e., by one having only a future or reversionary interest in property without a present right of possession, but only permits a partition proceeding by one having a possessory estate *against* such "unknown, contingent or doubtful interests" where co-owners of possessory estates may have created out of their interests future or reversionary interests in others. As is stated

**812**

in 59 Am.Jur.2d Partition § 170 at 900 (1971):

> "Where several persons are cotenants of the fee, and each therefore has the right to compel a partition, it would be unreasonable to hold that any of his cotenants, by creating an estate in reversion or remainder, could defeat the right to a complete partition which would vest a title in fee."

The sole purpose of § 1502 is to take care of this situation by permitting the cotenant in fee to partition nevertheless by joining his cotenants who now hold lesser possessory interests and also their grantees, the holders of the "unknown, contingent or doubtful" future or reversionary interests. This seems to be the limited effect of this provision as it has been interpreted in Kansas from which we took it. E. g., Ward v. Ward, 153 Kan. 222, 109 P.2d 68 (1941). Consequently we cannot agree with the plaintiff that § 1502 authorizes a partition suit by an owner of an undivided interest in a possibility of reverter without a right of possession.

■ There is good reason to deny a right of partition to holders of reversionary interests. The main purpose of a partition proceeding is to avoid the inconveniences of joint or common possession. Such inconveniences do not plague those who hold only reversionary or future interests. Moreover there are practical problems in compulsory sale of future or reversionary interests which do not attend such sales of possessory interests. There are sometimes no reasonable means to evaluate the market value of such future interests. In this very case the value of the possibility of reverter if partition were allowed would depend upon the possibility of the condition of the determinable fee being broken in the future. This would be an uncertain contingency at the time of the sale. If the plaintiff should acquire all reversionary interests at the partition sale, then the possibility of reverter would become very valuable indeed because he would be able to acquire the entire fee in

the Park property free of the condition and useful for any other purpose as well as for use as a park. If any one else should acquire the reversionary interests at the sale they would have little or no value because the holder would be in no position to cause the City to give up the property as a park. He would simply hold the right of reverter against the possibility that some time the City might abandon the property as a park, a rather unlikely prospect. Obviously the commissioners would have no reasonable way to determine the fair market value of the right of reverter as they must do prior to a partition sale. 12 O.S. 1971, §§ 1509, 1512, 1513.

■ ■ We conclude that partition of undivided interests in a possibility of reverter is not authorized by the Oklahoma statutes before condition broken since there is no right of possession in the holder of such a reversionary interest. Reversed with directions to dismiss the plaintiff's partition proceeding.

Reversed with directions to dismiss.

BOX and ROMANG, JJ., concur.