Cecil KENNEDY et ux *v.* E. R. HENRY, Jr.
and Sterling HENRY

CA 80-163                                      604 S.W. 2d 585

Court of Appeals of Arkansas
Opinion delivered September 17, 1980

*Gibson Law Office*, by: *Charles S. Gibson*, Dermott, for appellants.

*Gill & Johnson*, by: *Marion S. Gill*, Dumas, for appellees.

MARIAN F. PENIX, Judge. Testator J. C. Kennedy owned 560 acres in Desha County. At his death he devised a life estate to his widow Valerie and the remainder, in equal shares, to his nephews Wilburn Kennedy and Cecil Kennedy.

Wilburn Kennedy conveyed his undivided one-half remainder interest to E. R. Henry and Sterling L. Henry, Appellees. E. R. Henry and Sterling Henry petitioned for partition as owners of one-half of the remainder interest, against Cecil Kennedy, Appellant, owner of the other one-half remainder interest. The Henrys asked for the property to be divided in kind, if susceptible, or, that the remainder interest of the parties to the litigation be sold and the proceeds divided.

The Court found the lands to be diverse and not susceptible to equitable division. The Court, therefore, ordered a sale of the property subject to the life estate. Cecil Kennedy and wife Louise Kennedy have appealed. (Louise Kennedy was made a party defendant herein in order that any right of possibility of dower, or any other interest, she might have in and to said land may be adjudicated).

The Kennedys contend the Court exceeded its jurisdictional power in ordering a partition sale of the remainder interest exclusive of the life estate.

The Henrys contend the Kennedys did not raise the question of the jurisdiction of the Court to entertain a partition action by remaindermen in land subject to a life estate by their pleadings and statements at the time of the trial.

Therefore they contend the Kennedys are precluded from raising the question on appeal.

> The Court, in its Findings of Fact and Conclusions, said:

> While not specifically raised at trial the defendants in their brief raise the question of the jurisdiction of this court to entertain a partition action by remaindermen in land subject to a life estate. Jurisdiction in the trial court can be raised at any time and in almost any manner.

> Ark. Stat. Ann. § 34-1801 provides:

> Petition — Persons entitled to file — Contents. — Any persons having any interest *in* and desiring a division of land *held in* joint tenancy, in common, as assigned or un-assigned dower, as assigned or unassigned curtesy, or in coparceny absolutely or subject to the life estate of another, or otherwise, ******* shall file in the circuit or chancery court a written petition in which a description of the property, the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear. [Emphasis supplied.]

As is evident from a careful reading of this statute, there are several requirements which must be met in order to sustain a statutory partition of land. Only one of these enumerated requirements is of concern in this case. There is no question the parties have an interest in land and there is no question the appellees desire this interest be divided. No issues have been raised with regard to the aspects of the statute dealing with the filing of a petition or its contents. A question of major importance is raised, however, when we look at the statutory requirement that the land to be divided be *held in* either joint tenancy, as a tenancy in common, in coparceny, as assigned or unassigned dower, or as assigned or unassigned

curtesy.[1] How and when does land become "held in" any one of these seven estates? More specifically for this case, how does one gain an interest in land which is "held in" a tenancy in common?

Ark. Stat. Ann. § 34-1801, et seq., does not contain a definition of a tenancy in common. Absent a statutory definition, the common law definition must be used in interpreting the statute. "when the General Assembly uses words which have a fixed and well-known signification, they are presumed to have been used in that sense." *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W. 2d 565, 568 (1979); *State* v. *Jones*, 91 Ark. 5, 120 S.W. 154 (1919).

> The term "cotenancy" refers to the ownership of property by two or more persons in such manner that they *have an undivided possession or right to possession . . . The right* of each *cotenant to possession is the primary essential element of all cotenancies*. [Emphasis supplied] 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 1, p. 92.

In *Fullerton* v. *Storthy Bros. Investment Co.*, 190 Ark. 198, 201, 77 S.W. 2d 966 (1935), the Court stated Blackstone defined cotenancy as "such as hold by several and distinct titles by *unity of possession*." [Emphasis supplied]. The Court in *Krickerberg* v. *Hoff*, 201 Ark. 63, 67, 143 S.W. 2d 560 (1940) enunciated the following test ascertaining the existence of a co-tenancy: "In determining whether there is a co-tenancy of a tenancy in common, the test seems to be whether the right of possession is present." From these cases it is evident that in Arkansas one holds an interest in land as a cotenant when one has the present right to possess the land.

---

[1] The only method by which these parties could "hold in" is a tenancy in common. The will of J. E. Kennedy devised a one-half undivided interest to both of his nephews subject to the life estate of his wife. No mention is made of a right of survivorship, therefore no joint tenancy could be created. The devise is of the entire tract to nephews — this is obviously not involving assigned or unassigned dower or curtesy. Coparceny is an ancient means of holding an estate in which a group holds land with no key to how much each owns. Here, the nephews were each to receive an undivided one-half interest. The only method by which these parties may "hold" or come under the statute is as tenants in common.

Next we must determine whether the parties as remaindermen are co-tenants. Do they, as owners of the remainder, have an undivided possession or the present right to possession?

A remainder interest is defined in Black's Law Dictionary as, "The remnant of an estate in land, depending upon a particular prior estate created at the same time and by the same instrument, and limited to arise immediately on the determination of that estate, and not in abridgment of it." Black's Law Dictionary, Fourth Edition, page 1456. Remaindermen are those who are entitled to the interest at the expiration of the prior estate. The appellant, as one of the devisees, and the appellees, as purchasers of the other devisees' interest, are remaindermen. In Arkansas, a remainderman has an estate which he is not entitled to possess until the preceeding estate is extinguished. *Wilson* v. *McDaniels*, 247 Ark. 1036, 449 S.W. 2d 944 (1970); *Smith* v. *Kappler*, 220 Ark. 10, 245 S.W. 2d 809 (1952). In *Ark. St. Hwy. Comm.* v. *Roberts*, 248 Ark. 1005, 1007, 455 S.W. 2d 125 (1970), the Supreme Court stated, "there can be no doubt that a remainderman has no right to possession until the death of the life tenant."

> . . . coremaindermen are not tenants in common during the lifetime of the life tenant. For example, while *a common right of possession is essential to a tenancy in common*, remaindermen do not have a common right to possession. 51 Am. Jur. 2d, Life Tenants and Remaindermen, § 1, p. 215.

Because a remainderman who is dependent upon a life estate has no right to presently possess his estate, he can not be a cotenant with his fellow remaindermen. They do not share the unity of possession; hence, they cannot be tenants in common. The parties to this case have an interest in land which is subject to the life estate of Valerie Kennedy. Until this life estate expires, they, as remaindermen, have no right to possess this estate. Absent this right to possess, the parties to this lawsuit are not tenants in common. Hence, they may not invoke Ark. Stat. Ann. § 34-1801, because they do not

have an interest in property "held in" one of the enumerated forms.

We are aware of cases in which the Arkansas Supreme Court has interpreted § 34-1801. While none of these cases dealt with this precise fact situation, they are supportive of this decision.

*Goodlett* v. *Goodlett*, 209 Ark. 297, 190 S.W. 2d 14 (1945) involved two parties who had been divorced. The divorce decree had awarded the wife an undivided one-third interest for life in the husband's real property. Subsequently, the husband filed suit for partition of the real property. This petition was granted by the lower court and affirmed on appeal. As the lower court had granted her a life interest in only an undivided one-third of the property and not in the entire property, the remaining interest was vested in the husband. Because both parties were entitled to present possession, they were tenants in common and therefore entitled to partition.

In *McGee* v. *Hatcher*, 217 Ark. 402, 230 S.W. 2d 41 (1950), the Supreme Court addressed the issue of partition as between contingent remainders and the owner of a life estate, in that rare instance in which the remainderman is also a co-tenant with the holder of the life estate.

> The exact question now before us is whether the owner of an undivided interest in fee is entitled to partition in kind where one of the *present possessory interests* is a life estate with contingent remainders. . . . (Emphasis supplied). *McGee*, at 405.

In *McGee*, the grantor, by warranty deed, conveyed to three of his four daughters an undivided one-fourth interest in the described lands, in fee simple absolute. To the fourth daughter, grantor conveyed the outstanding one-fourth interest as a life estate, the remainder to the bodily heirs of that daughter, but if there were none, then to the previously mentioned three daughters in equal shares.

In effect, this made the first three daughters both co-tenants (having one-fourth undivided interests in the whole) as

well as remainders (contingent on the lack of bodily heirs) with their fourth sister who held a mere life estate in the outstanding undivided one-fourth interest in the whole.

The Court correctly ruled that the first three daughters, as contingent remaindermen, could petition for partition of the whole since they were at the same time co-tenants with the holder of the life estate. The partitioned land would then be held "subject to the life estate of another"[2] namely the fourth daughter, as provided by the statute.

The holding in *McGee* then gave rise to the oft repeated, if somewhat misleading, rule that the statute allows the partition of the subject property by remaindermen. Indeed it does, *if* the remaindermen are also cotenants to the holder of the life estate. See, *Monroe* v. *Monroe*, and *Bowman* v. *Phillis*, cited and discussed below.

The 1956 case of *Monroe* v. *Monroe*, 226 Ark. 805, 294 S.W. 2d 338 involved a suit for partition by the life tenant. William Edward Monroe died intestate. He was survived by his widow and son. The administrator of the estate set aside 58 acres for the dower interest of Mrs. Monroe. Subsequently, Mrs. Monroe petitioned the Chancery Court for partition alleging she was the life tenant by virtue of her dower and her son Bryan was the remainderman. The Chancery Court allowed the partition and ordered the land sold. The Supreme Court reversed, stating:

> We reach the conclusion that § 34-1801 does not support the decree of the Chancery Court. Mrs. Monroe, as the life tenant under dower, is in *exclusive possession* of the fifty-eight acres, and Bryan Monroe owns the remainder. He has no right to any possession during the

---

[2]The statute provides that partition may be made "subject to the life estate of another, or otherwise." The language "or otherwise" is not a point of contention on this appeal. However, for clarification, we point out that in *Monroe* v. *Monroe*, infra, the Court held "that the words 'or otherwise' modified and referred to the life estate of another and did not refer to 'in joint tenancy, in common or coparceny.'" *Monroe*, at 808. We may assume, without so holding, that the "or otherwise" language may refer to an estate for term of years or a life estate per autre vie. We need not reach this point, since the language does not alter the requirement of some form of cotenancy.

life of Mrs. Monroe. Our partition statute envisages that two or more persons are *at the same time* entitled to possession. ... Thus we recognized, ... , that there could be partition only when two or more persons were entitled to possession, and that the exclusive possession of the life tenant would not support partition against the remainderman. We made reference to 40 Am. Jur. p. 90 and that text on page 92 cites many cases to support this rule:

'The decided weight of authority is to the effect that statutes authorizing chancery to partition property between coparcenors, joint tenants, or tenants in common, do not permit one who has a life tenancy only, so that there is no relation of co-tenancy between himself and his remaindermen, to compel partition as against such remaindermen, since such a statute in no way eliminates the element of cotenancy, which, in the absence of statutory elimination, is indispensable to an action for partition.' *Monroe*, page 806, 808-809.

In *Bowman* v. *Phillips*, 260 Ark. 496, 542 S.W. 2d 740 (1976), the Supreme Court again reversed the allowing of partition between remaindermen and a life tenant. W. D. Phillips, Sr. conveyed 43.75 acres to his son W. D. Phillips, Jr. The deed reserved a life estate in the grantor (Sr.) granted a life estate to the son (Jr.) after the grantor's death, and provided that upon the son's death the property would go to the grantor's heirs, except that the son's wife Wanda, was also to receive an equal share. At the grantor's death, he was survived by three children (including Jr. the holder of the life estate) and the descendants of five deceased children. Jr., as the sole life tenant brought this suit for partition along with his wife Wanda. The Chancellor found Wanda and the eight descendants each owned an undivided one-ninth and ordered the property sold.

The Supreme Court reversed, stating:

In *Monroe* v. *Monroe*, we held that the language of the statute allows the partition of property by remaindermen, subject to the life estate of another. We

went on to say, perhaps as dictum but with supporting authority, that a single life tenant who is entitled to exclusive possession cannot maintain a partition suit against the remaindermen, because the necessary element of a cotenancy is absent. *Bowman*, at 498.

Again, the Supreme Court found there was not a cotenancy. The remaindermen were not entitled to possession.

While these cases do not specifically address the present fact situation, the language and rationale of each case speaks strongly to the need for a present possessory interest to exist before a partition may be sustained. A partition sale is a drastic equitable remedy to be employed when the land cannot be divided in kind. This remedy historically stems from the broad inherent powers of the chancellor.

The objects of partition are to avoid the inconveniences which result from a joint or common possession, and to enable the petitioner to possess, enjoy, and improve his share in severalty. If the petitioner has no estate in praesenti, but in futuro only, if he has no present immediate right of entry and possession, then there are no inconveniences of a joint or common possession of which he can complain; nor can he possess and enjoy his share in severality, which is the object he seeks to accomplish by his petition. The objects of partition cannot be subserved by a division of an estate which may not come into possesion for years after such division. 59 Am. Jur. 2d, Partition, § 170, p. 900.

Remaindermen who have no present possessory interest do not have the needs which require the drastic remedy of a partition sale and division of the proceeds. They have yet to realize any of the inconveniences which can result from common ownership and possession.

Finding there to be error as a matter of law, we reverse.

Reversed.